IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case Number: 07- ) |
| BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309; ABBY ABLE, Parent of ALLEN ABLE, a Minor; BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor; CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor; DONALD DOG, Parent of DAVID DOG, a Minor; EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor; and FRANCINE FOX, Parent of FRANK FOX, a Minor, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### JURISDICTION AND VENUE

1.   That this Court has jurisdiction of Counts I, II and III pursuant to 28 U.S.C. 1331 and Counts IV, V and VI pursuant to 28 U.S.C. 1367.

2.   That the action properly lies in this district pursuant to 28 U.S.C. Section 1391(b), as the events giving rise to the claim occurred in Brimfield, Illinois, which is encompassed within the particular judicial district.

### THE PARTIES

3.   The Plaintiffs, JOHN DOE (a minor), and his mother, JANE DOE are citizens of the United States and the State of Illinois.

4. The Defendant, BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309 (hereinafter "BRIMFIELD"), are a public elementary school and a public school district located in Brimfield, Illinois.

5. The Defendant, ALLEN ABLE, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

6. The Defendant, ABBY ABLE, was at all times the parent of ALLEN ABLE.

7. The Defendant, BRIAN BAKER, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

8. The Defendants, BETTY BAKER and BARRY BAKER, were at all times the parents of BRIAN BAKER.

9. The Defendant, CONNER CHARLIE, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

10. The Defendants, CONNIE CHARLIE and CHESTER CHARLIE, were at all times the parents of CONNER CHARLIE.

11. The Defendant, DAVID DOG, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

12. The Defendant, DONALD DOG, was at all times the parent of DAVID DOG.

13. The Defendant, ELWARD EASY, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

14. The Defendants, EDWARD EASY and ELLEN EASY, were at all times the parents of ELWARD EASY.

15. The Defendant, FRANK FOX, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

16. The Defendant, FRANCINE FOX, was at all times the parent of FRANK FOX.

## COUNT I.
### SEXUAL HARASSMENT AND RETALIATION IN VIOLATION OF TITLE IX
(Title IX of the Education Amendment of 1972, 20 U.S.C. §§ 1681, *et seq.*)
(John Doe v. Brimfield Grade School and Brimfield School District #309)

NOW COMES the Plaintiff, JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a minor, by KATRINA M. TARASKA and M. MICHAEL WATERS, and the law firm of VONACHEN, LAWLESS, TRAGER & SLEVIN, and for her Complaint against the various Defendants, states as follows:

1. JOHN DOE (hereinafter "JOHN") is a minor whose date of birth is May 5, 1992, and he brings this action by JANE DOE (hereinafter "JANE"), his Mother and Next Friend.

2. That at the time of the events described herein, related to the allegations of this Complaint, BRIMFIELD was the recipient of Federal funds for the school's operations, including but not limited to, educational programs and activities.

3. That at all relevant times herein DENNIS McNAMARA (hereinafter "McNAMARA") was the school Superintendent and Principal of BRIMFIELD.

4. That JOHN was at all relevant times referred to herein a student at BRIMFIELD.

5. That commencing on and prior to November 2004, and occurring thereafter on a regular and consistent basis, JOHN was subjected to physical and verbal misconduct of a sexual nature, by other male students at BRIMFIELD.

6. That the above-described sexual misconduct consisted predominantly of grabbing, twisting, and hitting JOHN's testicles.

7. That the above-described sexual misconduct to which the Plaintiff was subjected, was at all times unwelcome.

8. That JOHN repeatedly objected to said misconduct verbally and in his physical response to said misconduct.

9. That said sexual and physical misconduct, to which JOHN was repeatedly subjected, was sufficiently severe so as to create a hostile and abusive educational environment, thus denying JOHN equal access to his education.

10. That the above described sexual misconduct, to which JOHN was subjected to was committed by the following students: ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX.

11. That as a direct and proximate cause of the repeated trauma to JOHN'S testicles, this minor child experienced pain, swelling, and further aggravation to a pre-existing condition of left testicular varicocele in addition to significant mental and emotional distress.

**Notice of Sexual Harassment to School Officials**

12. That in November 2004, while at school, JOHN spoke to MCNAMARA about the ongoing sexual harassment.

13. That during the conversation between JOHN and McNAMARA, JOHN advised McNAMARA that he was being repeatedly hit in the testicles.

14. That further, during the conversation between JOHN and McNAMARA, JOHN advised McNAMARA that the above described physical misconduct was being perpetuated by several male students, including, DAVID DOG, who was in JOHN'S Physical Education class.

15. That in response to the information provided by JOHN to McNAMARA, McNAMARA directed JOHN to speak to JOHN'S Physical Education teacher, MR. FARQUER ("FARQUER").

16. That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA verify that JOHN or his parents were provided a sexual harassment policy promulgated by the school.

17. That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of any existing Title IX Grievance Procedures adopted and published by BRIMFIELD GRADE SCHOOL, as mandated by Federal Regulation.

18. That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA request that JOHN provide the school with further and more specific details of the harassment described by JOHN, in an effort to obtain the specific identity of all of the male students involved in the alleged misconduct, in order to prevent further harassment.

19. That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of any existing policy for JOHN to file a Complaint for such misconduct.

20. That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA identify for JOHN, or arrange a meeting with, the school's Nondiscrimination Coordinator, whose responsibilities included the investigation of Complaints communicated to the school which allege potential discrimination based upon sexual harassment, pursuant to Federal Regulation.

21. That the reason why McNAMARA failed to advise JOHN of the identity of the school's coordinator or provide JOHN with information on the school's grievance procedure for the resolution of complaints such as those made by JOHN was due to the fact that BRIMFIELD GRADE SCHOOL did not have in place any such procedure or Nondiscrimination Coordinator despite the school's duty pursuant to Federal Regulation.

22. That moreover, at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of the school's plan to investigate and promptly resolve the complaints of sexual harassment.

23. That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of any anti-retaliation policy in effect relevant to complaints such as those made by JOHN to the school, as required under Federal Regulation.

24. That despite the school's notice of the allegations of sexual harassment, McNAMARA failed to take reasonable steps to prevent further sexual harassment of JOHN, and to protect JOHN from retaliation for complaining of said harassment.

25. That following JOHN'S notice of sexual harassment to McNAMARA, McNAMARA called Plaintiff out of class along with one of the alleged harassers, DAVID DOG.

26. That the conversation between McNAMARA, JOHN and DAVID DOG, was no more than 3 to 4 minutes in total.

27. That the substance of said conversation was McNAMARA asking DAVID DOG if he "hit JOHN", to which DAVID DOG denied any such conduct.

28. That upon returning to class, DAVID DOG expressed his anger towards JOHN, by way of verbal comments made to JOHN during class.

29. That thereafter, and in accordance with McNAMARA'S instruction to JOHN, Plaintiff spoke to his Physical Education teacher, FARQUER, about the sexual harassment at the next Physical Education class period.

30. That said conversation took place during JOHN'S Physical Education Class, in the school's gymnasium, in the presence of other male students who were sexually harassing JOHN.

31. That following JOHN'S statement to FARQUER that he had been repeatedly hit in the testicles by male students, FARQUER asked Plaintiff what if anything JOHN wanted FARQUER to do about the problem.

32. That in response JOHN stated "I don't know."

33. That despite FARQUER'S notice of sexual harassment of Plaintiff, FARQUER failed to take reasonable steps to prevent further harassment and to protect JOHN from retaliation.

34. That similar to the response by McNAMARA to JOHN'S complaints of sexual harassment, FARQUER did not provide JOHN with any information as to any existing school policy or procedure for filing a complaint or resolving a complaint based upon allegations of sexual harassment.

35. That FARQUER'S only response to JOHN'S complaint of sexual harassment was to advise the entire class that they would have to get dressed together and walk out of the locker room together, as the class had been "messing around".

36. That at no time did FARQUER speak to any of the individual male students who were the subject of Plaintiff's Complaints to Farquer.

37. That at no time did FARQUER identify the specific nature of the Plaintiff's complaint of sexual harassment when he addressed the class.

38. That at no time following FARQUER'S notice of the sexual harassment did FARQUER make any efforts to investigate JOHN'S complaint, including verifying Plaintiff's statements or speaking with any of the male students.

39. That despite JOHN'S direct communication and notice to school officials as to the ongoing sexual harassment, the sexual harassment continued thereafter.

40. That at no time following JOHN'S complaints did school officials take actions to speak with JOHN for the purpose of verifying that the harassment had stopped.

41. That further, as a consequence of JOHN'S Complaint to school officials, the male students retaliated against JOHN.

42. That following JOHN'S reports of sexual harassment to school officials in November 2004, JOHN's parents, JOHN DOE'S FATHER ('FATHER") and JANE DOE, also notified the school of the sexual harassment, which had occurred prior to and following JOHN'S initial report to McNAMARA.

43. That specifically, in January 2005, FATHER advised CHAD JONES ("JONES"), JOHN'S BRIMFIELD basketball coach, that JOHN had been repeatedly hit in the testicles.

44. That the conversation took place at the school prior to the boy's basketball practice.

45. That FATHER advised JONES that he wanted to personally speak to the students on the boy's basketball team, which included the Defendant students.

46. That on this date, FATHER, in the presence of JONES, specifically addressed the students on the boy's basketball team and told them that he was aware of the boys repeatedly hitting JOHN in the testicles and that their actions were serious and caused significant swelling and pain in JOHN'S testicles.

47. That following the aforementioned basketball practice, one of the harassers, BRIAN BAKER, began to mock FATHER'S comments to the students in the presence of FATHER and JONES.

48. That JONES did nothing in response to BRIAN BAKER'S derogatory comments.

49. That during the relevant period of time complained of herein, JOHN'S mother, JANE, was an employee of BRIMFIELD GRADE SCHOOL in her capacity as a teacher and a coach.

50. That in addition to the notice to McNAMARA of ongoing sexual harassment by JOHN in November 2004, at or upon the same date, JOHN'S mother, JANE also spoke to McNAMARA in a face-to-face conversation at the school.

51. That the conversation took place prior to one of the girl's basketball practices, which was coached by JANE.

52. That JANE specifically advised McNAMARA that JOHN had been repeatedly struck in the testicles by the male students at school, including during Physical Education class and basketball practice after school.

53. That during the conversation between JANE and McNAMARA, McNAMARA stated that he would address the problem and speak with JOHN.

54. That despite McNAMARA'S notice of said sexual harassment of JOHN, McNAMARA failed to take reasonable steps to prevent further harassment.

55. That as a consequence of the school's failure to take reasonable steps to prevent further harassment of JOHN, JOHN continued to be subjected to similar harassment after November 2004 up through November 1, 2005.

56. That during this period of time, JANE and FATHER continued to communicate with BRIMFIELD officials, including McNAMARA, JONES, and other teachers, about the ongoing sexual harassment.

57. That on September 11, 2005, FATHER and JANE filed a police report with the Peoria County Sheriff's Department, describing the sexual harassment and ongoing battery to JOHN, identifying each of the students named herein.

58. That on September 13, 2005, FATHER requested a meeting with McNAMARA.

59. That on the aforesaid date, FATHER met with McNAMARA and explained that the sexual harassment of JOHN had substantially aggravated JOHN's varicocele to the point where surgery was needed.

60. That during this meeting McNAMARA admitted he was aware of the ongoing practice of male students hitting each other in the testicles, also known as "sac stabbing."

61. That prior to this meeting, on September 9, 2005, as a consequence of the continued trauma to JOHN'S testicles, JOHN underwent a surgical procedure to address the aggravation to his pre-existing vericocele.

62. That pursuant to the September 9, 2005, operative report of JOHN'S Pediatric Urologist, Churphena Reid M.D., Dr. Reid stated "Painful vericocele made worse by repeat scrotal trauma."

63. That following the surgery, FATHER and JANE advised school officials of the critical importance that JOHN not be struck again in the testicles when he returned to school.

64. That on September 13 and September 14, 2005, JANE again spoke to McNAMARA about the ongoing sexual harassment.

65. That on September 25, 2007 FATHER spoke to McNAMARA and advised McNAMARA that JOHN was afraid to return to school.

66. That during this conversation between FATHER and McNAMARA, McNAMARA stated that he spoke to some of the alleged harassers on September 20, 2005.

67. That further, McNAMARA stated that during McNAMARA'S meeting with some of the male students the boys admitted to hitting JOHN in the testicles.

68. That despite the admission by the male students, the discussion did not result in any disciplinary action by school officials or other similar steps intended to reasonably prevent future sexual harassment.

69. That following JOHN'S surgery and upon his return to school JOHN was subjected to further teasing and verbal comments related to his recent surgery, thereby causing additional embarrassment and humiliation to JOHN.

70. That despite the school's knowledge of JOHN'S post-operative condition, BRIMFIELD failed to take reasonable steps to protect JOHN from further sexual harassment.

71. That consequently, JOHN was struck in the testicles again.

72. That during the week of October 31, 2005, without cause or justification JOHN was again intentionally struck in the testicles by one of the Defendant harassers.

73. That the force of the intentional act caused JOHN'S stitches to pop, opening his incision from surgery.

74. That following this last incident, McNAMARA was again notified and again did nothing to correct the situation.

75. On November 2, 2005, FATHER met again with McNAMARA, at the school.

76. That during this meeting McNAMARA agreed to speak with the boy who struck JOHN.

77. That despite McNAMARA'S statement to FATHER that he would address the alleged male student who struck JOHN, McNAMARA failed to do so.

78. That in response to the report of sexual harassment by JOHN and his parents, which occurred during the week of October 31, 2005, JOHN'S coach, JONES, thereafter verbally reprimanded JOHN while he was at school for Complaining of the occurrence.

79. That further, JONES's physical demeanor was such that JONES intended to intimidate and humiliate JOHN during this admonishment.

80. That during this confrontation by JONES, JONES told JOHN that he "can't always tell his parents what happens at school."

81. That JONES' comments towards JOHN was further intended to discourage JOHN from reporting further sexual harassment.

82. That during JONES' reprimand of JOHN, JONES implied that JOHN was acting like a girl, and should "stick up for himself", thereby blaming JOHN for the ongoing harassment.

83. That finally on November 15, 2005, the Plaintiff's attorney, KATRINA M. TARASKA sent a certified letter to McNAMARA and BRIMFIELD, outlining the sexual harassment and the school's failure to respond in a meaningful manner.

84. That no responsive action was taken by the school.

85. That given the utter disregard and failure of the Defendants to protect JOHN and to prevent further sexual harassment, and given the overall acts of retaliation in response to the complaints by the DOES, in December 2005, JOHN was removed from BRIMFIELD by his parents to continue his education elsewhere.

## Duties of Recipients of Federal Funds

86. That as a condition of receiving Federal Funds for the operations of the school and related school activities and programs, BRIMFIELD was required to comply with the US Department of Education Regulations, including, but not limited to:
   a. Ensuring that all students are not denied or limited in their respective ability to participate in or benefit from the school's academic programs, educational opportunities, or activities;
   b. Establishing policies and procedures in order to prevent sexual harassment;
   c. Establish policies and procedures in order to notify and educate all students, parents, teachers and school officials of the definition of sexual harassment, so as to identify this type of prohibited conduct;
   d. Establish policies and procedures in order to notify and educate students, parents, teachers and other school officials of the school's "grievance procedures" for addressing reports of and/or complaints of sexual harassment;
   e. Establish policies and procedures in order to provide information to students, parents, teachers and other school officials on the reporting of sexual harassment;
   f. Appointment of a designated employee to coordinate compliance with the Department's Regulations pertaining to Title IX, including coordination of investigations and grievances of any allegations and/or complaints of sexual harassment;
   g. Establish policies and procedures in order to reasonably investigate allegations of sexual harassment for the purpose of addressing any such claims and to take reasonable steps to prevent further harassment;
   h. Establish policies and procedures (also known as the "grievance procedure") to provide prompt and equitable resolution of any complaints of sexual harassment;

   i. Establish policies and procedures in order to notify all students, parents, teachers and school officials that sexual harassment would not be tolerated;

   j. Establish policies and procedures in order to notify students, parents, teachers and other school officials that no person who reports alleged sexual harassment will be retaliated for exercising their rights under Title IX.

  87. That despite the aforesaid regulatory requirements that the Defendants were obligated to follow, BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT failed to comply with the Department's Regulations both in the failure to promulgate policies and procedures to prevent sexual harassment, and the failure to notify students and parents of said policies for the reporting of sexual harassment.

  88. That as a direct and proximate result of the continuous sexual harassment and retaliation against both JOHN and his family, and the Defendant's failure to address said harassment in a meaningful manner so as to promptly and equitably resolve said harassment, JOHN experienced physical pain, injury to his pre-existing condition, suffering, and further, developed generalized anxiety, depression, insomnia, fatigue, loss of interest in his usual activities and otherwise suffered great humiliation and sadness.

  WHEREFORE, Plaintiff, JANE DOE, as Mother and Next Friend of JOHN DOE, a Minor, prays for judgment against the Defendant, BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, for an amount in excess of One Hundred Thousand ($100,000.00) Dollars, or an amount as a jury would find to be fair and reasonable to compensate JOHN DOE for his injuries, and for reasonable attorneys fees and costs associated with this claim.

  Further, Plaintiff requests trial of this case by jury.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE IX**
**(John Doe v. Brimfield Grade School and Brimfield School District #309)**

  NOW COMES the Plaintiff, JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, and for her Complaint against the Defendants, based upon Retaliation in Violation of Title IX, states as follows:

89.     Plaintiffs repeats and realleges Paragraphs 1 – 88 of Count I as and for Paragraphs 89 – 177 of Count II herein.

178.    That the acts by JOHN'S coach, JONES, which included verbal reprimand as well as intimidation were specifically in response to complaints of ongoing sexual harassment by JOHN and the DOE family.

179.    That further, the Defendant failed to address further acts of bullying by the students of JOHN upon learning of the complaints of sexual harassment by JOHN and the DOE family.

180.    That the complete failure of school officials to prevent this bullying despite notice of the same in and of itself was retaliation by the Defendant in violation of Title IX.

181.    That the acts and/or omissions by JONES and other school officials in response to said notice of sexual harassment and post-complaint bullying were harmful enough to cause a similarly situated student to be dissuaded from making similar claims of sexual harassment under Title IX.

182.    That as a direct and proximate result of the retaliation against both JOHN and his family, JOHN experienced physical pain, injury to his pre-existing condition, suffering, and further, developed generalized anxiety, depression, insomnia, fatigue, loss of interest in his usual activities and otherwise suffered great humiliation and sadness.

WHEREFORE, Plaintiff, JANE DOE, as Mother and Next Friend of JOHN DOE, a Minor, prays for judgment against the Defendant, BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, for an amount in excess of One Hundred Thousand ($100,000.00) Dollars, or an amount as a jury would find to be fair and reasonable to compensate JOHN DOE for his injuries, and for reasonable attorneys fees and costs associated with this claim.

Further, Plaintiff requests trial of this case by jury.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE IX
### (Jane Doe v. Brimfield Grade School and Brimfield School District #309)

NOW COMES the Plaintiff JANE DOE, Individually, and in support of her Complaint against BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, based upon Retaliation in Violation of Title IX, states as follows:

183. Plaintiffs repeats and realleges Paragraphs 1 – 88 of Count I as and for Paragraphs 183 – 271 of Count III.

272. That prior to and during the time of JOHN's sexual harassment, JANE was employed as a teacher at BRIMFIELD and a coach.

273. That following the complaints by JANE, FATHER and JOHN of ongoing sexual harassment, JANE was retaliated against in one or more of the following manners:

   a. Falsely accused of writing on a student's forehead and reprimanded (suspended for three days with pay) by BRIMFIELD and McNAMARA despite reasonable belief that the allegations were false and the failure of school officials to undertake a reasonable and impartial investigation of the allegations; Feb 1, 2006

   b. Conducting a closed door School Board meeting, without notice to, or representation of JANE DOE, during which the subject of the sexual harassment of JOHN was discussed and also JANE's competence as a teacher in the context of her report of sexual harassment of her son to school officials;

   c. Termination of JANE as a coach without any explanation from school officials despite her years of coaching experience and superior performance record;

   d. Overall mistreatment by school officials and fellow teachers including false accusations of inappropriate and unprofessional conduct, which had never been an issue prior to the DOES' reports of sexual harassment and request for reasonable intervention by school officials;

274. The aforesaid acts and omissions by the Defendant were in response to the opposition by JANE and the DOE family to the ongoing sexual harassment of JOHN.

275. That additionally, McNAMARA repeatedly discouraged and admonished JANE for complaining of the continued sexual harassment of her son in response to opposition to the same.

276. That the acts and/or omissions by BRIMFIELD officials in response to said notice of sexual harassment were harmful enough to cause a similarly situated employee from making similar claims of sexual harassment under Title IX.

277. That as a direct and proximate result of the retaliation against JANE, the Plaintiff experienced anxiety, depression, insomnia, fatigue, as well as overall sadness and grief, not inclusive of lost income and opportunity for advancement and promotion in her position within the BRIMFIELD SCHOOL DISTRICT.

WHEREFORE, JANE DOE, Individually, prays for Judgment against the Defendant BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, for an amount in excess of One Hundred Thousand ($100,000.00) Dollars, or an amount as a jury would find to be fair and reasonable to compensate JANE DOE for her damages herein, and for reasonable attorneys fees and costs associated with this claim.

Further, Plaintiff requests trial of this case by jury.

## COUNT IV
## BATTERY AGAINST DEFENDANT STUDENTS

NOW COMES the Plaintiff, JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, and for her Complaint against the Defendants, ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX., based upon Battery, states as follows:

278.   Plaintiffs repeats and realleges Paragraphs 1 – 88 of Count I above as and for Paragraphs 278 – 366 of Count IV herein.

367.   That the physical contact described herein perpetuated by the aforesaid Defendants was at all times unpermitted by the Plaintiff and without his consent.

368.   That said physical contact by the Defendants was significant enough to cause physical injury and harm to Plaintiff.

369.   That as a direct and proximate cause of the aforesaid physical contact by the Defendants to Plaintiff's body, and more specifically his groin, JOHN experienced physical pain, injury to his pre-existing condition, suffering, and further, developed generalized anxiety, depression, insomnia, fatigue, loss of interest in his usual activities and otherwise suffered great humiliation and sadness.

WHEREFORE, Plaintiff, JANE DOE, as Mother and Next Friend of JOHN DOE, a Minor, prays for judgment against the Defendants, ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX, for an amount in excess of One Hundred Thousand ($100,000.00) Dollars, or an amount as a jury would find to be fair and reasonable to compensate JOHN DOE for his injuries, and for reasonable attorneys fees and costs associated with this claim.

Further, Plaintiff requests trial of this case by jury.

## COUNT V
## JOINT ENTERPRISE AGAINST DEFENDANT STUDENTS

NOW COMES the Plaintiff, JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, and for her Complaint against the Defendants, ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX., based upon Joint Enterprise, states as follows:

370. Plaintiff repeats and realleges Paragraphs 1 – 88 of Count I above as and for Paragraphs 370 - 458 of Count V herein.

459. That throughout the relevant period time, during which Plaintiff was subjected to repeated physical misconduct of a sexually charged nature, the Defendants conspired with each other in that they substantially assisted each other in grabbing, twisting, and hitting Plaintiff's testicles, encouraged each other by their acts and omission while during the commission of these occurrences in their presence and upon notice of said occurrences to each of these Defendants

460. That the physical contact described herein perpetuated by the aforesaid Defendants was at all times unpermitted by the Plaintiff and without his consent.

461. That the Defendants knew their conduct and the conduct of their co-Defendants were a breach of their respective duty to Plaintiff.

462. That the Defendants knew their conduct and the conduct of their co-Defendants were in violation of known school policies and reasonable expectations of school officials.

463. That the repeated physical contact by the Defendants was significant enough to cause physical injury and harm to Plaintiff.

464. That the repeated grabbing, twisting and hitting of Plaintiff's testicles produced an indivisible injury to Plaintiff.

465. That due to the Defendant's acts described herein, which were done independently and concurrently with the co-Defendants, the Defendants are jointly and severally liable for Plaintiff's indivisible injury.

466. That as a direct and proximate cause of the aforesaid repeated physical contact by the Defendants to Plaintiff's body, and more specifically his groin, JOHN experienced physical pain, injury to his pre-existing condition, suffering, and further, developed generalized anxiety, depression,

insomnia, fatigue, loss of interest in his usual activities and otherwise suffered great humiliation and sadness.

WHEREFORE, Plaintiff, JANE DOE, as Mother and Next Friend of JOHN DOE, a Minor, prays for judgment against the Defendants, ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX, jointly and severally, and for an amount in excess of One Hundred Thousand ($100,000.00) Dollars, or an amount as a jury would find to be fair and reasonable to compensate JOHN DOE for his injuries, and for reasonable attorneys fees and costs associated with this claim.

Further, Plaintiff requests trial of this case by jury.

## COUNT VI.
## PARENTAL RESPONSIBILITY LAW

NOW COMES the Plaintiff, JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, and for her Complaint against the Defendants, ABBY ABLE, Parent of ALLEN ABLE, a Minor, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor, DONALD DOG, Parent of JOSH DAVID DOG, a Minor, EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor, and FRANCINE FOX, Parent of FRANK FOX, a Minor, based upon the Parental Responsibility Law, states as follows:

467.    Plaintiff repeats and realleges paragraphs 1 – 88 of Count I as paragraphs 467 - 555 of this Count VI.

556.    Plaintiff repeats and realleges paragraphs 368 – 374 of Count V as paragraphs 556 – 563 of Count VI.

564.    That at the time of physical battery and sexual harassment of JOHN complained of herein by the Defendant male students, said Defendants: ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX, were unemancipated.

565.    That further, said Defendants resided with their respective parents.

566.    That Defendant ALLEN ABLE resided with his mother and legal guardian, ABBY ABLE.

567. That Defendant BRIAN BAKER resided with his parents and legal guardians, BETTY BAKER and BARRY BAKER.

568. That Defendant CONNER CHARLIE resided with his parents and legal guardians, CONNIE CHARLIE and CHESTER CHARLIE.

569. That Defendant DAVID DOG resided with his father and legal guardian, DONALD DOG.

570. That Defendant ELWARD EASY resided with his parents and legal guardians, EDWARD EASY and ELLEN EASY.

571. That Defendant FRANK FOX resided with his mother and legal guardian, FRANCINE FOX.

572. That the sexual harassment and physical injuries caused by the Defendants was willful and malicious.

573. That pursuant to 740 ILCS 115/3, the Parental Responsibility Law, the parent and/or legal guardians of the respective Defendant male students, are liable for the actual damages for the willful and malicious acts of such minor which causes injury to a person, including the payment of reasonable attorney's fees.

WHEREFORE, Plaintiff, JANE DOE, as Mother and Next Friend of JOHN DOE, a Minor, prays for judgment against the Defendants ABBY ABLE, Parent of ALLEN ABLE, a Minor, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor, DONALD DOG, Parent of DAVID DOG, a Minor, EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor, and FRANCINE FOX, Parent of FRANK FOX, a Minor, as parents and/or legal guardians pursuant to this statute, not to exceed the limitations on damages as set forth in 740 ILCS 115/5, for an amount that a jury would find to be fair and reasonable to compensate JOHN for his injuries, and for reasonable attorneys fees and costs associated with this claim.

Further, Plaintiff requests trial of this case by jury.

JANE DOE, Individually and as Mother
and Next Friend of JOHN DOE, a Minor,


BY:     /s/  KATRINA M. TARASKA
              One of her attorneys


KATRINA M. TARASKA
M. MICHAEL WATERS
**VONACHEN, LAWLESS, TRAGER & SLEVIN**
456 Fulton, Suite 425
Peoria, IL 61602
Telephone: 309/676-8986
Facsimile: 309/676-4130

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DOE, JANE, Individually, and as Mother and Next Friend of JOHN DOE, a Minor,

## DEFENDANTS
BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, et al.

**(b)** County of Residence of First Listed Plaintiff: Peoria
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Peoria
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Vonachen, Lawless, Trager & Slevin, 456 Fulton, Suite 425, Peoria, IL 61602, (309) 676-8986

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[x] 440 Other Civil Rights (selected)

## V. ORIGIN (Place an "X" in One Box Only)
[x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
20 U.S.C. Sec. 1681, et seq.

Brief description of cause:
Sexual Harassment and Retaliation in violation of Title IX.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE: 08/01/2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____