E-FILED
Friday, 07 December, 2007  03:53:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor,<br><br>   Plaintiff,<br><br>vs.<br><br>BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309; ABBY ABLE, Parent of ALLEN ABLE, a Minor; BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor; CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor; DONALD DOG, Parent of DAVID DOG, a Minor; EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor; and FRANCINE FOX, Parent of FRANK FOX, a Minor,<br><br>   Defendants. | Case Number: 07-CV-1205 |

**PLAINTIFF'S RESPONSE TO MULTIPLE MOTIONS TO DISMISS OR STRIKE, AND FOR MORE DEFINITE STATEMENT**

NOW COMES the Plaintiff, JANE DOE, Individually, and as Mother and Next Friend of JOHN DOE, a Minor, by her counsel, VONACHEN, LAWLESS, TRAGER & SLEVIN, and responds to the multiple Motions to Dismiss or Strike, and the Motion for More Definite Statement, and states as follows:

### Introduction

All of the individual Defendants have filed Motions to Dismiss or Strike except for Abby Able, parent of Allen Able, who has answered, and Francine Fox, parent of Frank Fox, who has not yet filed any pleading in this matter.

The Motions to Dismiss or Strike are all substantially similar. Additionally, the Charlie Defendants have filed a Motion for more Definite Statement. Plaintiff is filing this single response to all of the Motions.

The Motions currently pending to which Plaintiff is responding are set forth on the chart below:

| NAME/DOCKET NUMBER | MOTION |
| --- | --- |
| Baker Defendants #11 | Dismiss Attorney's Fee Prayers from Counts IV and V |
| Baker Defendants #12 | Dismiss or Strike Count VI |
| Easy Defendants #19 | Strike Counts IV, V and VI |
| Charlie Defendants #28 | Strike Counts IV, V and VI |
| Dog Defendants #32 | Strike Attorney's Fee Prayer from Counts IV and V |
| Dog Defendants #31 | Strike or Dismiss Count VI |
| Charlie Defendants #27 | Motion for More Definite Statement |

### "Actual Damages" - "Fair and Reasonable Damages"

A recurring theme that all Defendants have raised is that the terms "fair and reasonable damages" and/or "actual damages" somehow create fatal flaws that require dismissal of the Complaint. Two of the movants, Baker and Dog, go so far as to advance the notion that the term "actual damages" is a "vague figure" that "Plaintiffs are not able to recover." This argument is, in a word, "silly." 740 ILCS 115/3 provides that the liability of a parent under the Parental Responsibility Act is "for **actual damages** for the willful or malicious acts of such minor....." (emphasis added) The

argument that a plaintiff, by quoting statutory language, has injected a fatal flaw into the Complaint, should not be countenanced. Similarly, the argument that a prayer for "fair and reasonable damages" renders a complaint defective, is likewise untenable.

The Defendants correctly point out that the Parental Responsibility Act does limit damages essentially to medical and hospital expenses. However, the argument that it is impermissible to use other language, including statutory language, is simply wrongheaded. All that is required is that the Complaint notify the Defendants of the claim and the relief sought. The count expressly states that it is brought under the Parental Responsibility Act. The language which Defendants complain of does not render the Complaint "unintelligible." The Defendants' semantical arguments ought to more properly be reserved for the jury instruction conference.

## Attorney's Fees

Defendants also object to the prayer for attorney's fees in Counts IV (battery) and V (joint enterprise). While the Illinois Parental Responsibility Law does specifically provide for attorney's fees, Defendants point out that Counts IV and V are actions at common law and that there is no statutory entitlement to attorney's fees. Here again, though, the Defendants do not appropriately claim that they have inadequate notice of the claim. They are apparently attempting to urge under Rule 12(f), Fed. R. Civ. P., that the reference to attorney's fees is "immaterial" since these are actions at common law. However, attorney's fees can be considered when awarding punitive damages. *International Union of Operating Engineers, Local 150 v. Lowe Excavating Company*, 225 Ill.2d 456, 870 N.E.2d 303 (2006). The cause of actions involved are intentional torts and punitive damages may be appropriate. Accordingly, the reference to attorney's fees is not immaterial under Rule 12(f). It appears that once again, the Defendants are arguing their positions on jury instructions at an extremely advanced date.

**Motion for More Definite Statement**

The Defendants, Connie and Chester Charlie, parents of Conner Charlie, a minor, have also moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). As Judge Mihm observed in *Resolution Trust Corp. v. Lucas*, 1993 U.S. Dist. LEXIS 9892:

> The standard for granting a motion for a more definite statement is whether the complaint is so vague that a party cannot reasonably be required to frame a responsive pleading." *McDougall v. Donovan*, 552 F.Supp. 1206, 1208 (N.D. Ill. 1982) (citing 5 Wright & Miller, Federal Practice & Procedures § 1216 (1969)). A Rule 12(e) Motion for a More Definite Statement is "designed to strike at unintelligibility rather than want of detail." *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973). "If the pleading meets the requirements of Rule 8 FRCP and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted. [citation omitted]..... [A] motion for more definite statement should not be granted to require evidentiary detail which is normally the subject of discovery..." *Wishnick,* 60 F.R.D. at 498.

Plaintiff has clearly met the pleading requirements of Fed. R. Civ. P. 8 in fairly notifying the opposing party of the nature of the claim. The Motion for more Definite Statement should not be granted.

JANE DOE, Individually and as Mother
and Next Friend of JOHN DOE, a Minor,

　　/s/ M. MICHAEL WATERS
　　　　One of her attorneys

KATRINA M. TARASKA
M. MICHAEL WATERS
**VONACHEN, LAWLESS, TRAGER & SLEVIN**
456 Fulton, Suite 425
Peoria, IL 61602
Telephone: 309/676-8986
Facsimile: 309/676-4130

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2007, I caused the foregoing PLAINTIFF'S RESPONSE TO MULTIPLE MOTIONS TO DISMISS OR STRIKE, AND FOR MORE DEFINITE STATEMENT, to be electronically filed with the Clerk of the United States District Court for the Central District of Illinois, Peoria Division, which filing includes electronic delivery to the following parties by the court's CM/ECF electronic filing system:

Mr. John P. Fleming
Fleming & Umland
411 Hamilton Blvd., Suite 1518
Peoria, IL  61602

Mr. David A. Perkins
Heyl, Royster, Voelker & Allen
124 SW Adams St., Suite 600
Peoria, IL  61602

Mr. Richard L. Steagall
Nicoara & Steagall
416 Main St., Suite 815
Peoria, IL  61602

Mr. Gerald W. Brady, Jr.
Attorney at Law
1133 N. North St.
Peoria, IL  61606

Ms. Julie L. Galassi
Hasselberg, Rock, Bell & Kuppler
4600 Brandywine Dr.
Peoria, IL  61614

Additionally, all of the above parties were served a copy of this document by hand delivery or first class mail.

   /M. Michael Waters/
M. Michael Waters
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, IL  61602
Ph: (309) 676-8986
Fax:  (309) 676-4130

mmw\doe\pleadings\redactedresptomultmots