E-FILED
Friday, 25 April, 2008 02:05:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 07-1205 |
| BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309; ABBY ABLE, Parent of ALLEN ABLE, a Minor; BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor; CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor; DONALD DOG, Parent of DAVID DOG, a Minor; EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor; and FRANCINE FOX, Parent of FRANK FOX, a Minor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS, CONNIE CHARLIE AND CHESTER CHARLIE, PARENTS OF CONNER CHARLIE, A MINOR**

Now come the Defendants, CONNIE CHARLIE and CHESTER CHARLIE, Parents of Conner Charlie, a Minor, by Hasselberg, Rock, Bell & Kuppler, their attorneys, and for their Answer to the Plaintiff's Complaint state as follows:

**I.**

**Jurisdiction & Venue**

1. Defendants admit the court has federal question jurisdiction of the subject matter

under 28 U.S.C. § 1331, 1343 (a)(4) and supplemental jurisdiction over the additional state claims under 28 U.S.C. § 1367.

    2.   Defendants admit venue is founded in this district under 28 U.S.C. § 1391 (b).

## II.

## The Parties

    3 - 16. Defendants admit these allegations.

## Count I

**Sexual Harassment & Retaliation; Title IX of Educational Amendment of 1972, 20 U.S.C. § 1681 et seq.; Defendants, Brimfield Grade School & Brimfield School District #309**

    1. Defendants admit these allegations.

    2. Defendants admit these allegations.

    3. Defendants admit these allegations.

    4. Defendants admit these allegations.

    5. The Defendants deny that Conner subjected John to physical or verbal sexual misconduct.

    6. The Defendants deny that Conner committed the sexual misconduct herein described.

    7. Defendants repeat their response to the allegations of Paragraph 6 and add that John did not object to any verbal or physical conduct on the part of Conner.  Defendants have insufficient knowledge to answer whether any conduct on the part of the other minor defendants was welcome or unwelcome.

    8. Defendants repeat their response to the allegations of Paragraph 6 and add that John did not object to any verbal or physical conduct on the part of Conner.  Defendants have insufficient knowledge to answer whether or not John objected to any conduct on the part of the other minor defendants.

    9. Defendants deny that a hostile or abusive environment was created due to any conduct

on the part of Conner and have insufficient knowledge to answer whether such an environment was created by the conduct of any of the other minor defendants.

10. Defendants repeat their response to the allegations of Paragraph 6 for their response to Paragraph 10 and add that Defendants have insufficient knowledge to answer whether the other minor defendants committed any of the sexual misconduct herein described.

11. Defendants deny that John was injured due to any conduct on the part of Conner and have insufficient knowledge to answer whether he was injured due to the conduct of any of the other minor defendants.

### Notice of Sexual Harassment to School Officials

12-85. These allegations are not directed against the Charlie defendant, so they make no Response; if response is required, they deny the allegations.

### Duties of Recipients of Federal Funds

86. Defendants admit these allegations.

87-88. These allegations do not apply to the Charlie defendants, so they make no response thereto; if response is required, they deny the allegations. Defendants make no response to the Prayer for Relief as it is not directed against them and if response is required, they deny Plaintiff is entitled to any relief against them and pray for an award of their costs.

### Count II
### Violation of Title IX – Defendants, Brimfield Grade School
### & Brimfield School District #309

89-177. Defendants repeat their answer to ¶¶ 1-88 of Count I for ¶¶ 89-177 of Count II.

178-182. These allegations are not directed against the Charlie defendants, so they make no response to the allegations and if response is required, deny the allegations. Defendants make no response to the Prayer for Relief as it is not directed against them; if response is required,

they deny that Plaintiff is entitled to any relief against them and pray for an award of their costs.

## Count III
### Retaliation in Violation of Title IX – Brimfield Grade School & Brimfield School District #309

183-271. Defendants repeat their answer to ¶ 1-88 of Count I for ¶ 183-271 of Count III.

272-277. These allegations do not apply to the Charlie Defendants, so they make no response to the allegations and if response is required, deny the allegations. Defendants make no response to the Prayer for Relief as it is not directed against them and if response is required, they deny Plaintiff is entitled to any relief against them and pray for an award of their costs.

## Count IV
### Battery Against Defendant Students

278-366. Defendants repeat their answer to ¶ 1-88 of Count I for ¶ 278-366 of Count III.

367. Defendants deny that CONNER had any inappropriate, objectionable or harmful contact with the Plaintiff. The Charlie Defendants have no knowledge of whether Plaintiff permitted or consented to such contact (if any) with any other Defendants.

368. Defendants repeat their answer to ¶ 367 and add that they have no knowledge of the significance of any such contact or injury (if any) other than the allegations in the Complaint.

369. Defendants deny that Plaintiff suffered any injury from any contact with Conner.

WHEREFORE, Defendants CONNIE CHARLIE and CHESTER CHARLIE, Parents of Conner Charlie, a Minor, deny that Plaintiff, JANE DOE, Individually and as Mother and Next Friend of John Doe, a Minor, is entitled to judgment against them in the amount claimed or in any amount and pray for a judgment in their favor and award of costs.

## Count V
### Joint Enterprise Against Defendants Students

370-458. Defendants repeat their answers to Paragraphs 1 – 88 of Count I above as and

for their answer to Paragraphs 370-458.

459. Defendants deny that Conner encouraged, assisted, or conspired with other students as to the improper contact described in Paragraph 459.

460. Defendants have insufficient knowledge to form a belief as to the truth of these allegations and, therefore, deny these allegations.

461. Defendants deny these allegations.

462. Defendants deny these allegations.

463. Defendants have insufficient knowledge to form a belief as to the truth of these allegations and, therefore, deny these allegations.

464. Defendants have insufficient knowledge to form a belief as to the truth of these allegations and, therefore, deny these allegations.

465. Defendants deny these allegations.

466. Defendants deny that Plaintiff suffered any injury from any contact with Conner and have insufficient knowledge to answer whether Plaintiff was injured by any of the other defendants or the extent of such injury.

WHEREFORE, Defendants, CONNIE CHARLIE and CHESTER CHARLIE, Parents of Conner Charlie, a Minor, deny that Plaintiff, JANE DOE, Individually and as Parents and Next Friend of John Doe, a Minor, is entitled to judgment against their in the amount claimed or in any amount whatsoever and pray for a judgment in their favor and award of costs.

**Count VI**

**Parental Responsibility Law**

467-555. Defendants repeat their answers to paragraphs 1 – 88 of Count I for paragraphs 467-555 of this Count VI.

556-564. Defendants repeat their answers to paragraphs 368-374 of Count V for paragraphs 556-564 of this Count VI.

564 Defendants admit the minors were not emancipated and deny the other allegations.

565-571. Defendants admit these allegations.

572. Defendants deny these allegations.

573. Defendants deny these allegations.

WHEREFORE, Defendants, CONNIE CHARLIE and CHESTER CHARLIE, Parents of Conner Charlie, a Minor, Plaintiff, JANE DOE, Individually and as Mother and Next Friend of John Doe, a Minor, is entitled to judgment against him in the amount claimed or in any amount whatsoever and pray for a judgment in their favor and award of costs.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for relief against these Defendants.

2. Any contact between Conner Charlie and John Doe was de minimis horseplay and not unprivileged.

3. Conner Charlie's conduct had no causal connection with any conduct alleged that could give rise to liability under the Illinois Parental Responsibility Law (740 ILCS 115/3) for the following reasons:

   A. Defendants enrolled Conner Charlie in the Brimfield School District as required by law.

   B. Defendants turned over the care, custody, and control of Conner Charlie to the teachers and administrative personnel of the School District on school property during school hours and extracurricular activities.

   C. The school teachers and administrators of the Brimfield School District had an in loco parentis relationship with Conner Charlie and the other enrolled students on school property during school hours and during extracurricular activities after school hours.

D. Defendants had no right to control the activity of their son, Conner Charlie, during school hours and extracurricular activities and any conduct of theirs could not be a proximate cause of any intentional or willful or wanton conduct of Conner Charlie that injured John Doe.

4. The putative deliberate indifference of the Brimfield School District #309 alleged in Count I & II was (if it existed) an intervening cause to any liability of Defendants for any conduct of Conner Charlie under the Illinois Parental Responsibility Law. 740 ILCS 115/3.

WHEREFORE, CONNIE CHARLIE and CHESTER CHARLIE, Parents of Conner Charlie, a Minor, deny that Plaintiff, JANE DOE, Individually and as Mother and Next Friend of John Doe, a Minor, pray for judgment in bar of the Plaintiff's complaint plus an award of costs.

**DEFENDANTS DEMAND A TRIAL BY JURY**

CONNER CHARLIE, CONNIE CHARLIE, and CHESTER CHARLIE, Defendants

   /s/ Julie L. Galassi

Julie L. Galassi, Esq., Bar No. 6198035

Attorney for Conner Charlie, Connie Charlie and Chester Charlie, Defendants

Hasselberg, Rock, Bell & Kuppler, LLP
Suite 200 Associated Bank Building
4600 N. Brandywine Drive
Peoria, IL  61614-5591
Telephone:  (309) 688-9400
Facsimile:   (309) 688-9430
E-mail:  jgalassi@hrbklaw.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 25th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Fleming, Esq.
Fleming & Umland
411 Hamilton Blvd., Suite 1518
Peoria, IL  61602

Katrina M. Taraska, Esq.
M. Michael Waters, Esq.
Vonachen, Lawless, Trager & Slevin
456 Fulton Street, Suite 425
Peoria, IL  61602

Richard L. Steagall, Esq.
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Bank Building
Peoria, IL  61602-1115

David A. Perkins, Esq.
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL  61602

Gerald W. Brady, Jr., Esq.
1133 N. North Street
Peoria, IL  61606

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

         /s/ Julie L. Galassi

       Julie L. Galassi, Esq., Bar No. 6198035

       Attorney for Defendants, Conner Charlie, Connie Charlie and Chester Charlie

       Hasselberg, Rock, Bell & Kuppler, LLP
       Suite 200 Associated Bank Building
       4600 N. Brandywine Drive
       Peoria, IL  61614-5591
       Telephone:  (309) 688-9400
       Facsimile:   (309) 688-9430
       E-mail:  jgalassi@hrbklaw.com