**E-FILED**
Friday, 25 April, 2008 02:51:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07 CV 1205 |
| BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, ABBY ABLE, Parent of ALLEN ABLE, a Minor; BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor; CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor; DONALD DOG, Parent of DAVID DOG, a Minor; EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor, and FRANCINE FOX, Parent of FRANK FOX, a Minor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT

NOW COME the Defendants, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, by and through their attorneys, FLEMING & UMLAND, and as and for their Answer and Affirmative Defenses in response to Plaintiffs' Complaint, state as follows:

## <u>Jurisdiction and Venue</u>

1. Defendants admit jurisdiction under the federal statutes alleged.

2. Defendants admit that Brimfield, Illinois lies within this district, but deny the events alleged occurred.

## <u>The Parties</u>

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants deny the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11.

12. Defendants admit the allegations of Paragraph 12.

13. Defendants admit the allegations of Paragraph 13.

14. Defendants admit the allegations of Paragraph 14.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants admit the allegations of Paragraph 16.

## COUNT 1

Count I is directed against separate Defendants, and is not asserted against Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, or BRIAN BAKER, therefore these Defendants do not respond to these allegations. Any allegations contained in Count I which are deemed to be asserted against all the BAKER Defendants are generally denied here.

## COUNT II

Count II is directed against separate Defendants, and is not asserted against Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, or BRIAN BAKER, therefore these Defendants do not respond to these allegations. Any allegations contained in Count II which are deemed to be asserted against all the BAKER Defendants are generally denied here.

## COUNT III

Count III is directed against separate Defendants, and is not asserted against Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, or BRIAN BAKER, therefore these Defendants do not respond to these allegations. Any allegations contained in Count III which are deemed to be asserted against all the BAKER Defendants are generally denied here.

## COUNT IV

**278 – 366.** Defendants hereby state the following Answers to Paragraphs 1 -
88 of Count I (as re-plead by Plaintiffs) as their Answers to Paragraphs 278 – 366
of Count IV, respectively, as follows:

1.    Defendants admit the allegations of Paragraph 1 upon information and
belief.

2.    Defendants deny the allegations of Paragraph 2.

3.    Defendants admit the allegations of Paragraph 3 upon information and
belief.

4.    Defendants admit the allegations of Paragraph 4.

5.    Defendants deny the allegations of Paragraph 5.

6.    Defendants deny the allegations of Paragraph 6.

7.    Defendants deny the allegations of Paragraph 7.

8.    Defendants deny the allegations of Paragraph 8.

9.    Defendants deny the allegations of Paragraph 9.

10.   Defendants deny the allegations of Paragraph 10.

11.   Defendants deny the allegations of Paragraph 11.

12.   Defendants have insufficient knowledge of the allegations of
Paragraph 12, therefore Defendants deny those allegations.

13.    Defendants have insufficient knowledge of the allegations of Paragraph 13, therefore Defendants deny those allegations.

14.    Defendants have insufficient knowledge of the allegations of Paragraph 14, therefore Defendants deny those allegations.

15.    Defendants have insufficient knowledge of the allegations of Paragraph 15, therefore Defendants deny those allegations.

16.    Defendants have insufficient knowledge of the allegations of Paragraph 16, therefore Defendants deny those allegations.

17.    Defendants have insufficient knowledge of the allegations of Paragraph 17, therefore Defendants deny those allegations.

18.    Defendants have insufficient knowledge of the allegations of Paragraph 18, therefore Defendants deny those allegations.

19.    Defendants have insufficient knowledge of the allegations of Paragraph 19, therefore Defendants deny those allegations.

20.    Defendants have insufficient knowledge of the allegations of Paragraph 20, therefore Defendants deny those allegations.

21.    Defendants have insufficient knowledge of the allegations of Paragraph 21, therefore Defendants deny those allegations.

22.    Defendants have insufficient knowledge of the allegations of Paragraph 22, therefore Defendants deny those allegations.

23.    Defendants have insufficient knowledge of the allegations of Paragraph 23, therefore Defendants deny those allegations.

24.    Defendants have insufficient knowledge of the allegations of Paragraph 24, therefore Defendants deny those allegations.

25.    Defendants have insufficient knowledge of the allegations of Paragraph 25, therefore Defendants deny those allegations.

26.    Defendants have insufficient knowledge of the allegations of Paragraph 26, therefore Defendants deny those allegations.

27.    Defendants have insufficient knowledge of the allegations of Paragraph 27, therefore Defendants deny those allegations.

28.    Defendants have insufficient knowledge of the allegations of Paragraph 28, therefore Defendants deny those allegations.

29.    Defendants have insufficient knowledge of the allegations of Paragraph 29, therefore Defendants deny those allegations.

30.    Defendants deny the allegations of Paragraph 30.

31.    Defendants have insufficient knowledge of the allegations of Paragraph 31, therefore Defendants deny those allegations.

32.    Defendants have insufficient knowledge of the allegations of Paragraph 32, therefore Defendants deny those allegations.

33.    Defendants have insufficient knowledge of the allegations of Paragraph 33, therefore Defendants deny those allegations.

34.    Defendants have insufficient knowledge of the allegations of Paragraph 34, therefore Defendants deny those allegations.

35.    Defendants admit Farquer had a discussion with the class about being disruptive but denies it had anything to do with sexual harassment, and therefore denies the remaining allegations.

36.    Defendants admit the allegations as to this Defendant.

37.    Defendants have insufficient knowledge of the allegations of Paragraph 37, therefore Defendants deny those allegations.

38.    Defendants have insufficient knowledge of the allegations of Paragraph 38, therefore Defendants deny those allegations.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants have insufficient knowledge of the allegations of Paragraph 40, therefore Defendants deny those allegations.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants deny the allegations of Paragraph 42.

43.    Defendants have insufficient knowledge of the allegations of Paragraph 43, therefore Defendants deny those allegations.

44.    Defendants deny the allegations of Paragraph 44.

45.    Defendants deny the allegations of Paragraph 45.

46.    Defendants deny the allegations of Paragraph 46.

47.    Defendants deny the allegations of Paragraph 47.

48.    Defendants deny the allegations of Paragraph 48.

49.    Defendants admit the allegations of Paragraph 49.

50.    Defendants deny the allegations of Paragraph 50.

51.    Defendants deny the allegations of Paragraph 51.

52.    Defendants have insufficient knowledge of the allegations of Paragraph 52, therefore Defendants deny those allegations.

53.    Defendants have insufficient knowledge of the allegations of Paragraph 53, therefore Defendants deny those allegations.

54.    Defendants deny the allegations of Paragraph 54.

55.    Defendants deny the allegations of Paragraph 55.

56.    Defendants have insufficient knowledge of the allegations of Paragraph 56, therefore Defendants deny those allegations.

57.    Defendants admit the existence of a police report which contains "Battery" and denies the rest of the allegations of Paragraph 57.

58.    Defendants admit the allegations of Paragraph 58.

59.    Defendants have insufficient knowledge of the allegations of Paragraph 59, therefore Defendants deny those allegations.

60.    Defendants deny the allegations of Paragraph 60.

61.    Defendants have insufficient knowledge of the allegations of Paragraph 61, therefore Defendants deny those allegations.

62.    Defendants have insufficient knowledge of the allegations of Paragraph 62, therefore Defendants deny those allegations.

63.    Defendants have insufficient knowledge of the allegations of Paragraph 63, therefore Defendants deny those allegations.

64.    Defendants have insufficient knowledge of the allegations of Paragraph 64, therefore Defendants deny those allegations.

65.    Defendants have insufficient knowledge of the allegations of Paragraph 65, therefore Defendants deny those allegations.

66.    Defendants have insufficient knowledge of the allegations of Paragraph 66, therefore Defendants deny those allegations.

67.    Defendants have insufficient knowledge of the allegations of Paragraph 67, therefore Defendants deny those allegations.

68.    Defendants have insufficient knowledge of the allegations of Paragraph 68, therefore Defendants deny those allegations.

69.    Defendants deny the allegations of Paragraph 69.

70.    Defendants deny the allegations of Paragraph 70.

71.    Defendants deny the allegations of Paragraph 71.

72.    Defendants deny the allegations of Paragraph 72.

73.    Defendants deny the allegations of Paragraph 73.

74.    Defendants have insufficient knowledge of the allegations of Paragraph 74, therefore Defendants deny those allegations.

75.    Defendants have insufficient knowledge of the allegations of Paragraph 75, therefore Defendants deny those allegations.

76.    Defendants have insufficient knowledge of the allegations of Paragraph 76, therefore Defendants deny those allegations.

77.    Defendants have insufficient knowledge of the allegations of Paragraph 77, therefore Defendants deny those allegations.

78.    Defendants have insufficient knowledge of the allegations of Paragraph 78, therefore Defendants deny those allegations.

79.    Defendants deny the allegations of Paragraph 79.

80.    Defendants have insufficient knowledge of the allegations of Paragraph 80, therefore Defendants deny those allegations.

81.    Defendants have insufficient knowledge of the allegations of Paragraph 81, therefore Defendants deny those allegations.

82.    Defendants have insufficient knowledge of the allegations of Paragraph 82, therefore Defendants deny those allegations.

83.    Defendants have insufficient knowledge of the allegations of Paragraph 83, therefore Defendants deny those allegations.

84.    Defendants have insufficient knowledge of the allegations of Paragraph 84, therefore Defendants deny those allegations.

85.    Defendants admit John left the Brimfield School District #309, but deny all of the other remaining allegations of Paragraph 85.

86.    Defendants have insufficient knowledge of the allegations of Paragraph 86, therefore Defendants deny those allegations.

87.    Defendants deny the allegations of Paragraph 87.

88. (366).    Defendants deny the allegations of Paragraph 88.

**367**.    Defendants deny that the physical contact described took place and deny the remainder of the allegations of Paragraph 367.

**368**.    Defendants deny the allegations of Paragraph 368.

**369.**    Defendants deny the allegations of Paragraph 369.

WHEREFORE the Defendants BETTY BAKER, BARRY BAKER, AND BRIAN BAKER, in their respective capacities, deny the Plaintiffs are entitled to judgment against them in any amount, and request judgment in their favor on Count IV, plus costs.

DEFENDANTS DEMAND TRIAL BY JURY.

11

## COUNT V

370 – 458.    Defendants hereby re-state and re-allege their answers to Paragraphs 1 through 88 of Count I, as repeated and stated above in their Answer to Count IV, as their Responses and Answers to Paragraphs 370 – 458 of Count V of Plaintiff's Complaint.

459.    Defendants deny the allegations of Paragraph 459.

460.    Defendants deny the allegations of Paragraph 460.

461.    Defendants deny the allegations of Paragraph 461.

462.    Defendants deny the allegations of Paragraph 462.

463.    Defendants deny the allegations of Paragraph 463.

464.    Defendants deny that the repeated events occurred and deny all of the remaining allegations of Paragraph 464.

465.    Defendants deny the allegations of Paragraph 465.

466.    Defendants deny the allegations of Paragraph 466.

WHEREFORE the Defendants BETTY BAKER, BARRY BAKER, AND BRIAN BAKER, in their respective capacities, deny the Plaintiffs are entitled to judgment against them in any amount, and request judgment in their favor on Count V, plus costs.

DEFENDANTS DEMAND TRIAL BY JURY.

## COUNT VI

467 – 555.   Defendants hereby re-state and re-allege their answers to Paragraphs 1 through 88 of Count I, as repeated and stated above in their Answer to Count IV, as their Responses and Answers to Paragraphs 467 – 555 of Count VI of Plaintiff's Complaint.

556 – 563. (It first should be noted that the numbering herein of previous Paragraphs by Plaintiff does not make logical sense, but Defendants will still respond.) Defendants hereby re-state and re-allege their answers to Paragraphs 368 – 374 above, as previously stated, and as contained in Defendants' Answers to both Counts IV and V, as their Answers to these Paragraphs 556 – 563 of Count VI.

564.   Defendants deny the physical battery, deny the sexual harassment, and therefore deny all of the allegations of Paragraph 564.

565.   Defendants admit the allegations of Paragraph 565 to the best of their knowledge.

566.   Defendants have insufficient knowledge of the allegations of Paragraph 566 and therefore Defendants deny those allegations.

567.   Defendants admit the allegations of Paragraph 567.

568.   Defendants admit the allegations of Paragraph 568.

569.   Defendants admit the allegations of Paragraph 569.

570.   Defendants admit the allegations of Paragraph 570.

571.   Defendants have insufficient knowledge of the allegations of Paragraph 571 and therefore Defendants deny those allegations.

572.   Defendants deny the allegations of Paragraph 572.

573.   Defendants deny the allegations of Paragraph 573.

WHEREFORE, the Defendants, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, deny that the Plaintiffs are entitled to judgment against them in any amount, and request judgment in bar of Count VI of the Complaint, plus costs.

DEFENDANTS DEMAND TRIAL BY JURY OF ALL ISSUES.

### FIRST AFFIRMATIVE DEFENSE
(Express consent)

As an affirmative defense to Counts IV, V, and VI, the Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, state and allege, as an alternative to the denials contained in the Answer, the following:

1.   The minor Plaintiff, JOHN DOE, knowingly and voluntarily participated in and consented to certain levels of physical tapping contact with certain Defendants or others of similar age and mental capacity of the minor Plaintiff, by words and actions utilized in his social interactions with his peer male schoolmates.

14

2.    By knowingly and voluntarily participating and consenting to the physical interaction described above, the minor Plaintiff, JOHN DOE, consented to the battery allegations pled in his Complaint.

WHEREFORE, the Defendants, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, deny that the Plaintiffs are entitled to judgment against them in any amount, and request judgment in bar of Counts IV, V, and VI of the Complaint, plus costs.

DEFENDANTS DEMAND TRIAL BY JURY OF ALL ISSUES.

## SECOND AFFIRMATIVE DEFENSE
(Implied consent)

As an affirmative defense to Counts IV, V, and VI, the Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, state and allege, as an alternative to the denials contained in the Answer, the following:

1.    The minor Plaintiff, JOHN DOE, knowingly and voluntarily participated in and consented to certain levels of physical tapping contact with certain Defendants or others of similar age and mental capacity of the minor Plaintiff, by words and actions utilized in his social interactions with his peer male schoolmates.

2.    By knowingly and voluntarily participating and consenting to the physical interaction described above, the minor Plaintiff, JOHN DOE, impliedly consented to the battery allegations pled in his Complaint.

15

WHEREFORE, the Defendants, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, deny that the Plaintiffs are entitled to judgment against them in any amount, and request judgment in bar of Counts IV, V, and VI of the Complaint, plus costs.

DEFENDANTS DEMAND TRIAL BY JURY OF ALL ISSUES.

### THIRD AFFIRMATIVE DEFENSE
(Implied consent – Physical education and sports activities)

As an affirmative defense to Counts IV, V, and VI, the Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, state and allege, as an alternative to the denials contained in the Answer, the following:

1.    The minor Plaintiff, JOHN DOE, participated in physical education activities and classes at Brimfield Grade School during the times alleged in the Complaint, which included sports activities constituting contact sports or contact activities.

2.    The minor Plaintiff, JOHN DOE, participated in extra-curricular sports activities and practices in contact sports with his peers and schoolmates at Brimfield Grade School, during the time periods alleged in the Complaint.

3.    That JOHN DOE's participation in the physical education and sports activities described above constituted an implied consent to physical contact with other participants in those sports and activities.

16

4.    The implied consent referenced herein constitutes a complete bar to a claim for battery or damages from physical contact, as pled by Plaintiff in Counts IV, V, and VI of the Complaint.

WHEREFORE, the Defendants, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, deny that the Plaintiffs are entitled to judgment against them in any amount, and request judgment in bar of Counts IV, V, and VI of the Complaint, plus costs.

DEFENDANTS DEMAND TRIAL BY JURY OF ALL ISSUES.

**FOURTH AFFIRMATIVE DEFENSE**
(Comparative fault)

As an affirmative defense to Counts IV, V, and VI, the Defendants BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, state and allege, as an alternative to the denials contained in the Answer, the following:

1.    That at the time and place alleged in the Complaint, the minor Plaintiff, JOHN DOE, had a duty to use care and caution for his own safety and protection, commensurate with persons of similar age and mental capacity.

2.    Notwithstanding the aforesaid duty, the minor Plaintiff, JOHN DOE, was guilty of one or more of the following careless, reckless or other failures to use appropriate care and caution for his own protection:

a. Failed to take action to physically protect his groin area, when he knew or should have known imminent physical contact with the same would or might occur;

b. Failed to voice his objection to physical contact from his schoolmate peers;

c. Actively participated in festive, friendly physical tapping contact with male schoolmates, which he knew or should have known would or might encourage physical contact;

d. Failed to keep a safe and proper lookout for peers approaching him whom he knew or should have known would or might physically contact his body;

e. Failed to avoid, walk away from, or turn away from peers approaching him whom he knew or should have known would or might physically contact his body.

3.    That one or more of the foregoing acts or failure to act on the part of JOHN DOE contributed to cause his own injuries and damages alleged in the Complaint.

WHEREFORE, the Defendants, BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor, deny that the Plaintiffs are entitled to judgment against them in any amount, and request judgment in bar of Counts IV,

V, and VI of the Complaint, or pray that any judgment entered in favor of Plaintiffs

on Counts IV, V, or VI be reduced in direct proportion to the fault attributable to

JOHN DOE.

DEFENDANTS DEMAND TRIAL BY JURY OF ALL ISSUES.

> BETTY BAKER and BARRY
> BAKER, Parents of BRIAN BAKER,
> Defendants

> BY:_____ /s/ John P. Fleming
> JOHN P. FLEMING,
> Their Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties to the above cause by and through their attorneys of record by electronically mailed Notice from Federal Court Electronic Filing System on April 25, 2008, as follows:

Ms. Katrina M. Taraska
Mr. M. Michael Waters
Vonachen, Lawless, Trager & Slevin
456 Fulton, Suite 425
Peoria, IL 61602

Mr. Gerald W. Brady, Jr.
Attorney at Law
1133 N. North Street
Peoria, IL 61606

Mr. David A. Perkins
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL 61602

Ms. Julie L. Galassi
Hasselberg, Rock, Bell & Kuppler
4600 Brandywine Drive
Peoria, IL 61614

Mr. Richard L. Steagall
Nicoara & Steagall
416 Main Street, Suite 815
Peoria, IL 61602

Mr. John E. Cassidy III
Cassidy & Mueller
416 Main Street, Suite 323
Peoria, IL 61602

/s/ John P. Fleming
John P. Fleming

Mr. John P. Fleming
FLEMING & UMLAND
1518 Associated Bank Plaza
411 Hamilton Boulevard
Peoria, Illinois 61602
07-185

20