IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, ABBY ABLE, Parent of ALLEN ABLE, a Minor; BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor; CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNER CHARLIE, a Minor; DONALD DOG, Parent of DAVID DOG, a Minor; EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor, and FRANCINE FOX, Parent of FRANK FOX, a Minor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 07 CV 1205 |
| Defendants. | ) ) | |

**ANSWER AND DEFENSES
TO COUNTS I, II AND III**

Now comes the Defendant, BRIMFIELD SCHOOL DISTRICT #309, by its attorneys,

DAVID B. MUELLER and JOHN E. CASSIDY, III of the firm of CASSIDY & MUELLER,

and for answer to Counts I, II and III of the Complaint states:

**JURISDICTION AND VENUE**

1.    That this Court has jurisdiction of Counts I, II and III pursuant to 28 U.S.C. 1331

and Counts IV, V and VI pursuant to 28 U.S.C. 1367.

ANSWER:    DISTRICT #309 admits that jurisdiction is properly alleged in Counts I, II

and III pursuant to 28 U.S.C. § 1331. Further answering DISTRICT #309 states that the acts and

omissions which are alleged in those counts do not constitute sexual discrimination under Title IX of the Education Amendment of 1972. 20 U.S.C. § 1681, *et seq.*

     2.     That the action properly lies in this district pursuant to 28 U.S.C. Section 1391(b), as the events giving rise to the claim occurred in Brimfield, Illinois, which is encompassed within the particular judicial district.

     <u>ANSWER</u>:     DISTRICT #309 admits that venue is proper under 28 U.S.C. § 1391(b).

### **THE PARTIES**

     3.     The Plaintiffs, JOHN DOE (a minor), and his mother, JANE DOE are citizens of the United States and the State of Illinois.

     <u>ANSWER</u>:     DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 and therefore can neither admit nor deny those allegations.

     4.     The Defendant, BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309 (hereinafter "BRIMFIELD"), are a public elementary school and a public school district located in Brimfield, Illinois.

     <u>ANSWER</u>:     DISTRICT #309 admits that it is a public school district located in Brimfield, Illinois and that BRIMFIELD GRADE SCHOOL is a public elementary school within the district. Further answering DISTRICT #309 states that BRIMFIELD GRADE SCHOOL is not a separate legal entity.

     5.     The Defendant, ALLEN ABLE, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL. '

     <u>ANSWER</u>:     DISTRICT #309 admits the allegations of paragraph 5.

     6.     The Defendant, ABBY ABLE, was at all times the parent of ALLEN ABLE.

ANSWER:    DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6 and therefore can neither admit nor deny those allegations.

7.    The Defendant, BRIAN BAKER, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 7.

8.    The Defendants, BETTY BAKER and BARRY BAKER, were at all times the parents of BRIAN BAKER.

ANSWER:    DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 and therefore can neither admit nor deny those allegations.

9.    The Defendant, CONNER CHARLIE, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 9.

10.    The Defendants, CONNIE CHARLIE and CHESTER CHARLIE, were at all times the parents of CONNER CHARLIE.

ANSWER:    DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 and therefore can neither admit nor deny those allegations.

11.    The Defendant, DAVID DOG, a minor, was at all relevant times a student at BRIMFIELD GRADE SCHOOL.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 11.

12.    The Defendant, DONALD DOG, was at all times the parent of DAVID DOG.

ANSWER:        DISTRICT #309 lacks knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 12 and therefore can neither admit nor deny

those allegations.

13.     The Defendant, ELWARD EASY, a minor, was at all relevant times a student at

BRIMFIELD GRADE SCHOOL.

ANSWER:        DISTRICT #309 admits the allegations of paragraph 13.

14.     The Defendants, EDWARD EASY and ELLEN EASY, were at all times the

parents of ELWARD EASY.

ANSWER:        DISTRICT #309 lacks knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 14 and therefore can neither admit nor deny

those allegations.

15.     The Defendant, FRANK FOX, a minor, was at all relevant times a student at

BRIMFIELD GRADE SCHOOL.

ANSWER:        DISTRICT #309 denies the allegations of paragraph 15.

16.     The Defendant, FRANCINE FOX, was at all times the parent of FRANK FOX.

ANSWER:        DISTRICT #309 lacks knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 16 and therefore can neither admit nor deny

those allegations.

## COUNT I
### SEXUAL HARASSMENT AND RETALIATION IN VIOLATION OF TITLE IX
#### (Title IX of the Education Amendment of 1972. 20 U.S.C. § 1681, et *seq.)*
#### (John Doe v. Brimfield Grade School and Brimfield School District #309)

1.     JOHN DOE (hereinafter "JOHN") is a minor whose date of birth is May *5,* 1992,

and he brings this action by JANE DOE (hereinafter "JANE"), his Mother and Next Friend.

ANSWER:        DISTRICT #309 admits the allegations of paragraph 1.

2.      That at the time of the events described herein, related to the allegations of this Complaint, BRIMFIELD was the recipient of Federal funds for the school's operations, including but not limited to, educational programs and activities.

ANSWER:      DISTRICT #309 admits the allegations of paragraph 2.

3.      That at all relevant times herein DENNIS McNAMARA (hereinafter "McNAMARA") was the school Superintendent and Principal of BRIMFIELD.

ANSWER:      DISTRICT #309 admits the allegations of paragraph 3.

4.      That JOHN was at all relevant times referred to herein a student at BRIMFIELD.

ANSWER:      DISTRICT #309 admits the allegations of paragraph 4.

5.      That commencing on and prior to November 2004, and occurring thereafter on a regular and consistent basis, JOHN was subjected to physical and verbal misconduct of a sexual nature, by other male students at BRIMFIELD.

ANSWER:      DISTRICT #309 denies the allegations of paragraph 5.

6.      That the above-described sexual misconduct consisted predominantly of grabbing, twisting, and hitting JOHN's testicles.

ANSWER:      DISTRICT #309 denies the allegations of paragraph 6.

7.      That the above-described sexual misconduct to which the Plaintiff was subjected, was at all times unwelcome.

ANSWER:      DISTRICT #309 denies the allegations of paragraph 7.

8.      That JOHN repeatedly objected to said misconduct verbally and in his physical response to said misconduct.

ANSWER:      DISTRICT #309 denies the allegations of paragraph 8.

9.     That said sexual and physical misconduct, to which JOHN was repeatedly subjected, was sufficiently severe so as to create a hostile and abusive educational environment, thus denying JOHN equal access to his education.

ANSWER:     DISTRICT #309 denies that the plaintiff was repeatedly subjected to sexual and physical misconduct and further answering denies that the conduct was of such a nature or severity as to create a hostile and abusive educational environment or that it denied the plaintiff equal access to his education.

10.     That the above described sexual misconduct, to which JOHN was subjected to was committed by the following students: ALLEN ABLE, BRIAN BAKER, CONNER CHARLIE, DAVID DOG, ELWARD EASY and FRANK FOX.

ANSWER:     DISTRICT #309 denies that the plaintiff was subjected to sexual misconduct and further answering denies the remaining allegations of paragraph 10.

11.     That as a direct and proximate cause of the repeated trauma to JOHN's testicles, this minor child experienced pain, swelling, and further aggravation to a pre-existing condition of left testicular varicocele in addition to significant mental and emotional distress.

ANSWER:     DISTRICT #309 is without knowledge as to the effect of the conduct upon the plaintiff's testicles and therefore neither admits nor denies the allegations of paragraph 11.

**Notice of Sexual Harassment to School Official**

12.     That in November 2004, while at school, JOHN spoke to MCNAMARA about the ongoing sexual harassment.

ANSWER:     DISTRICT #309 denies that the conduct in question amounted to sexual harassment but further answering admits that the plaintiff spoke to McNAMARA about that conduct in November, 2004.

13.    That during the conversation between JOHN and McNAMARA, JOHN advised McNAMARA that he was being repeatedly hit in the testicles.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 13.

14.    That further, during the conversation between JOHN and McNAMARA, JOHN advised McNAMARA that the above described physical misconduct was being perpetuated by several male students, including, DAVID DOG, who was in JOHN's Physical Education class.

ANSWER:    DISTRICT #309 admits that during the conversation the plaintiff advised McNAMARA of the conduct and that it was being practiced by several male students including DAVID DOG, who was in the plaintiff's physical education class.

15.    That in response to the information provided by JOHN to McNAMARA, McNAMARA directed JOHN to speak to JOHN's Physical Education teacher, MR. FARQUER ("FARQUER").

ANSWER:    DISTRICT #309 denies the allegations of paragraph 15.

16.    That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA verify that JOHN or his parents were provided a sexual harassment policy promulgated by the school.

ANSWER:    Paragraph 16 is stricken and no answer is required.

17.    That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of any existing Title IX Grievance Procedures adopted and published by BRIMFIELD GRADE SCHOOL, as mandated by Federal Regulation.

ANSWER:    Paragraph 17 is stricken and no answer is required.

18.    That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA request that JOHN provide the school with further and more

specific details of the harassment described by JOHN, in an effort to obtain the specific identity

of all of the male students involved in the alleged misconduct, in order to prevent further

harassment.

ANSWER:    DISTRICT #309 denies that the conduct which is alleged constitutes

harassment but further answering admits the remaining allegations of paragraph 18.

19.    That at no time during the conversation between JOHN and McNAMARA, or any

time thereafter, did McNAMARA advise JOHN of any existing policy for JOHN to file a

Complaint for such misconduct.

ANSWER:    DISTRICT #309 denies any obligation on the part of McNAMARA to

advise the plaintiff of any policy regarding complaints. Further answering DISTRICT #309

therefore admits the allegations of paragraph 19.

20.    That at no time during the conversation between JOHN and McNAMARA, or any

time thereafter, did McNAMARA identify for JOHN, or arrange a meeting with, the school's

Nondiscrimination Coordinator, whose responsibilities included the investigation of Complaints

communicated to the school which allege potential discrimination based upon sexual harassment,

pursuant to Federal Regulation.

ANSWER:    Paragraph 20 is stricken and therefore no answer is required.

21.    That the reason why McNAMARA failed to advise JOHN of the identity of the

school's coordinator or provide JOHN with information on the school's grievance procedure for

the resolution of complaints such as those made by JOHN was due to the fact that BRIMFIELD

GRADE SCHOOL did not have in place any such procedure or Nondiscrimination Coordinator

despite the school's duty pursuant to Federal Regulation.

ANSWER:    Paragraph 21 is stricken and therefore no answer is required.

22.     That moreover, at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of the school's plan to investigate and promptly resolve the complaints of sexual harassment.

ANSWER:     DISTRICT #309 denies that the plaintiff was subjected to sexual harassment, denies that it was obligated to advise the plaintiff regarding its plans and further answering denies the remaining allegations of paragraph 22.

23.     That at no time during the conversation between JOHN and McNAMARA, or any time thereafter, did McNAMARA advise JOHN of any anti-retaliation policy in effect relevant to complaints such as those made by JOHN to the school, as required under Federal Regulation.

ANSWER:     Paragraph 23 is stricken and therefore no answer is required.

24.     That despite the school's notice of the allegations of sexual harassment, McNAMARA failed to take reasonable steps to prevent further sexual harassment of JOHN, and to protect JOHN from retaliation for complaining of said harassment.

ANSWER:     DISTRICT #309 denies that the conduct in question amounts to sexual harassment and further answering denies the remaining allegations of paragraph 24.

25.     That following JOHN's notice of sexual harassment to McNAMARA, McNAMARA called Plaintiff out of class along with one of the alleged harassers, DAVID DOG.

ANSWER:     DISTRICT #309 denies that the conduct in question amounted to sexual harassment but further answering admits the remaining allegations of paragraph 25.

26.     That the conversation between McNAMARA, JOHN and DAVID DOG, was no more than 3 to 4 minutes in total.

ANSWER:     DISTRICT #309 admits the allegations of paragraph 26.

27.    That the substance of said conversation was McNAMARA asking DAVID DOG if he "hit JOHN", to which DAVID DOG denied any such conduct.

ANSWER:    DISTRICT #309 admits that DAVID DOG denies that he "hit John" but further answering denies the remaining allegations of paragraph 27.

28.    That upon returning to class, DAVID DOG expressed his anger towards JOHN, by way of verbal comments made to JOHN during class.

ANSWER:    DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28 and therefore can neither admit nor deny those allegations.

29.    That thereafter, and in accordance with McNAMARA's instruction to JOHN, Plaintiff spoke to his Physical Education teacher, FARQUER, about the sexual harassment at the next Physical Education class period.

ANSWER:    DISTRICT #309 denies that he instructed the plaintiff to speak to physical education teacher, FARQUER, about the conduct and therefore denies the remaining allegations of paragraph 29.

30.    That said conversation took place during JOHN's Physical Education Class, in the school's gymnasium, in the presence of other male students who were sexually harassing JOHN.

ANSWER:    DISTRICT #309 denies that McNAMARA instructed the plaintiff to talk to FARQUER and therefore denies the remaining allegations of paragraph 20.

31.    That following JOHN's statement to FARQUER that he had been repeatedly hit in the testicles by male students, FARQUER asked Plaintiff what if anything JOHN wanted FARQUER to do about the problem.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 31.

32.    That in response JOHN stated "I don't know."

ANSWER:    DISTRICT #309 denies the allegations of paragraph 32.

33.    That despite FARQUER's notice of sexual harassment of Plaintiff, FARQUER failed to take reasonable steps to prevent further harassment and to protect JOHN from retaliation.

ANSWER:    DISTRICT #309 denies that the conduct amounted to sexual harassment, denies the conversation between the plaintiff and FARQUER, and further answering denies that FARQUER failed to take reasonable steps to prevent like conduct in the future or to protect the plaintiff from retaliation.

34.    That similar to the response by McNAMARA to JOHN's complaints of sexual harassment, FARQUER did not provide JOHN with any information as to any existing school policy or procedure for filing a complaint or resolving a complaint based upon allegations of sexual harassment.

ANSWER:    Allegations regarding school policies and procedures for filing a complaint based upon sexual harassment have been stricken. Further answering DISTRICT #309 admits that the existence of such policy is irrelevant and it therefore denies any obligation to inform the plaintiff of the policy.

35.    That FARQUER's only response to JOHN's complaint of sexual harassment was to advise the entire class that they would have to get dressed together and walk out of the locker room together, as the class had been "messing around".

ANSWER:    DISTRICT #309 denies the allegations of paragraph 35.

36.    That at no time did FARQUER speak to any of the individual male students who were the subject of Plaintiff's Complaints to FARQUER.

ANSWER:     DISTRICT #309 denies the allegations of paragraph 36.

37.    That at no time did FARQUER identify the specific nature of the Plaintiff's complaint of sexual harassment when he addressed the class,

ANSWER:     DISTRICT #309 denies the allegations of paragraph 37.

38     That at no time following FARQUER's notice of the sexual harassment did FARQUER make any efforts to investigate JOHN's complaint, including verifying Plaintiff's statements or speaking with any of the male students.

ANSWER:     DISTRICT #309 denies the allegations of paragraph 38.

39.    That despite JOHN's direct communication and notice to school officials as to the ongoing sexual harassment, the sexual harassment continued thereafter.

ANSWER:     DISTRICT #309 denies that the conduct in question amounted to sexual harassment and denies the remaining allegations of paragraph 39.

40.    That at no time following JOHN's complaints did school officials take actions to speak with JOHN for the purpose of verifying that the harassment had stopped.

ANSWER:     DISTRICT #309 denies that the conduct in question amounted to sexual harassment but further answering admits the remaining allegations of paragraph 40.

41.    That further, as a consequence of JOHN's Complaint to school officials, the male students retaliated against JOHN.

ANSWER:     DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 and therefore can neither admit nor deny those allegations.

42.    That following JOHN's reports of sexual harassment to school officials in November 2004, JOHN's parents, JOHN DOE's FATHER ("FATHER") and JANE DOE, also

notified the school of the sexual harassment, which had occurred prior to and following JOHN's initial report to McNAMARA.

ANSWER:    DISTRICT #309 denies that the conduct that the conduct amounts to sexual harassment. Further answering DISTRICT #309 admits that after November, 2004 it received additional complaints from the plaintiff's parents but denies that those complaints related to matters after November, 2004.

43.    That specifically, in January 2005, FATHER advised CHAD JONES ("JONES"), JOHN's BRIMFIELD basketball coach, that JOHN had been repeatedly hit in the testicles.

ANSWER:    DISTRICT #309 admits that FATHER told CHAD JONES that the plaintiff had been hit in the testicles more than once.

44.    That the conversation took place at the school prior to the boy's basketball practice.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 44.

45.    That FATHER advised JONES that he wanted to personally speak to the students on the boy's basketball team, which included the Defendant students.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 45.

46.    That on this date, FATHER, in the presence of JONES, specifically addressed the students on the boy's basketball team and told them that he was aware of the boys repeatedly hitting JOHN in the testicles and that their actions were serious and caused significant swelling and pain in JOHN's testicles.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 46. Further answering DISTRICT #309 admits that FATHER admonished the boys generally not to hit each other in the testicles.

47.    That following the aforementioned basketball practice, one of the harassers, BRIAN BAKER, began to mock FATHER's comments to the students in the presence of FATHER and JONES.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 47.

48.    That JONES did nothing in response to BRIAN BAKER's derogatory comments.

ANSWER:    DISTRICT #309 denies that the derogatory comments were made and therefore denies the allegations of paragraph 48.

49.    That during the relevant period of time complained of herein, JOHN's mother, JANE, was an employee of BRIMFIELD GRADE SCHOOL in her capacity as a teacher and a coach.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 49.

50.    That in addition to the notice to McNAMARA of ongoing sexual harassment by JOHN in November 2004, at or upon the same date, JOHN's mother, JANE also spoke to McNAMARA in a *face-to-face* conversation at the school.

ANSWER:    DISTRICT #309 denies that the conduct amounts to sexual harassment, and further denies the remaining allegations of paragraph 50.

51.    That the conversation took place prior to one of the girl's basketball practices, which was coached by JANE.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 51.

52.    That JANE specifically advised McNAMARA that JOHN had been repeatedly struck in the testicles by the male students at school, including during Physical Education class and basketball practice after school.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 52.

53.    That during the conversation between JANE and McNAMARA, McNAMARA stated that he would address the problem and speak with JOHN.

ANSWER:    DISTRICT #309 denies such a conversation in November, 2004 and therefore denies the allegations of paragraph 53.

54.    That despite McNAMARA's notice of said sexual harassment of JOHN, McNAMARA failed to take reasonable steps to prevent further harassment.

ANSWER:    DISTRICT #309 denies that the conduct amounts to sexual harassment. Further answering DISTRICT #309 denies the remaining allegations of paragraph 54.

55.    That as a consequence of the school's failure to take reasonable steps to prevent further harassment of JOHN, JOHN continued to be subjected to similar harassment after November 2004 up through November 1,2005.

ANSWER:    DISTRICT #309 denies that the conduct amounted to sexual harassment, denies that it failed to act reasonably to prevent like conduct in the future, and denies that the plaintiff was subjected to similar conduct between November, 2004 and November, 2005.

56.    That during this period of time, JANE and FATHER continued to communicate with BRIMFIELD officials, including McNAMARA, JONES, and other teachers, about the ongoing sexual harassment.

ANSWER:    DISTRICT #309 denies that the conduct amounted to sexual harassment. Further answering DISTRICT #309 denies that the conduct was ongoing and denies the receipt of continued complaints by the plaintiff's parents.

57.    That on September 11, 2005, FATHER and JANE filed a police report with the Peoria County Sheriffs Department, describing the sexual harassment and ongoing battery to JOHN, identifying each of the students named herein.

ANSWER:    DISTRICT #309 denies that the conduct amounts to sexual harassment but further answering admits that the plaintiff's parents filed a police report with the Peoria County Sheriff's Department.

58.    That on September 13, 2005, FATHER requested a meeting with McNAMARA.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 58. Further answering the DISTRICT #309 states that the meeting was requested by McNAMARA.

59.    That on the aforesaid date, FATHER met with McNAMARA and explained that the sexual harassment of JOHN had substantially aggravated JOHN's varicocele to the point where surgery was needed.

ANSWER:    DISTRICT #309 denies that the conduct amounts to sexual harassment. Further answering DISTRICT #309 denies that the conversation related to the plaintiff's health.

60.    That during this meeting McNAMARA admitted he was aware of the ongoing practice of male students hitting each other in the testicles, also known as "sac stabbing."

ANSWER:    DISTRICT #309 denies the allegations of paragraph 60.

61.    That prior to this meeting, on September 9, 2005, as a consequence of the continued trauma to JOHN's testicles, JOHN underwent a surgical procedure to address the aggravation to his preexisting varicocele.

ANSWER:    DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 61 and therefore can neither admit nor deny those allegations.

62.    That pursuant to the September 9, 2005, operative report of JOHN's Pediatric Urologist, Churphena Reid M.D., Dr. Reid stated "Painful varicocele made worse by repeat scrotal trauma."

ANSWER:    DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 62 and therefore can neither admit nor deny those allegations.

63.    That following the surgery, FATHER and JANE advised school officials of the critical importance that JOHN not he struck again in the testicles when he returned to school.

ANSWER:    DISTRICT #309 admits the allegations of paragraph 63.

64.    That on September 13 and September 14, 2005, JANE again spoke to McNAMARA about the ongoing sexual harassment.

ANSWER:    DISTRICT #309 denies that the conduct amounts to sexual harassment and that it was ongoing and therefore denies the allegations of paragraph 64.

65.    That on September 25, 2007 FATHER spoke to McNAMARA and advised McNAMARA that JOHN was afraid to return to school.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 65.

66.    That during this conversation between FATHER and McNAMARA, McNAMARA stated that he spoke to some of the alleged harassers on September 20, 2005.

ANSWER:    DISTRICT #309 denies the conversation and further answering denies the remaining allegations of paragraph 66.

67.    That further, McNAMARA stated that during McNAMARA's meeting with some of the male students the boys admitted to hitting JOHN in the testicles.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 67.

68.    That despite the admission by the male students, the discussion did not result in any disciplinary action by school officials or other similar steps intended to reasonably prevent future sexual harassment.

ANSWER:     DISTRICT #309 denies that the conduct amounts to sexual harassment. Further answering DISTRICT #309 denies the alleged admissions.

69.     That following JOHN's surgery and upon his return to school JOHN was subjected to further teasing and verbal comments related to his recent surgery, thereby causing additional embarrassment and humiliation to JOHN.

ANSWER:     DISTRICT #309 lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69 and therefore can neither admit nor deny those allegations.

70.     That despite the school's knowledge of JOHN's post-operative condition, BRIMFIELD *failed* to take reasonable steps to protect JOHN from further sexual harassment.

ANSWER:     DISTRICT #309 denies that the conduct amounts to sexual harassment. Further answering DISTRICT #309 denies that the conduct was ongoing in September, 2005.

71.     That consequently, JOHN was struck in the testicles again.

ANSWER:     DISTRICT #309 denies the allegations of paragraph 71.

72.     That during the week of October 31, 2005, without cause or justification JOHN was again intentionally struck in the testicles by one of the Defendant harassers.

ANSWER:     DISTRICT #309 denies the allegations of paragraph 72.

73.     That the force of the intentional act caused JOHN's stitches to pop, opening his incision from surgery.

ANSWER:     DISTRICT #309 denies the so-called "intentional act" but further answering states that it is without knowledge as to the consequences of the unintentional contact which took place.

74.    That following this last incident, McNAMARA was again notified and again did nothing to correct the situation.

ANSWER:    DISTRICT #309 admits that McNAMARA was notified of the so-called incident but denies the inference that action was required.

75.    On November 2, 2005, FATHER met again with McNAMARA, at the school.

ANSWER:    DISTRICT #309 admits that FATHER met with McNAMARA at the school on or about November 2, 2005.

76.    That during this meeting McNAMARA agreed to speak with the boy who struck JOHN.

ANSWER:    DISTRICT #309 admits that McNAMARA agreed to speak with the boy who allegedly struck the plaintiff.

77.    That despite McNAMARA's statement to FATHER that he would address the alleged male student who struck JOHN, McNAMARA failed to do so.

ANSWER:    DISTRICT #309 admits that McNAMARA did not speak with the male student.

78.    That in response to the report of sexual harassment by JOHN and his parents, which occurred during the week of October 31, 2005, JOHN's coach, JONES, thereafter verbally reprimanded JOHN while he was at school for Complaining of the occurrence.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 78.

79.    That further, JONES's physical demeanor was such that JONES intended to intimidate and humiliate JOHN during this admonishment.

ANSWER:    DISTRICT #309 denies the allegations of paragraph 79.

80.     That during this confrontation by JONES, JONES told JOHN that he "can't always tell his parents what happens at school."

ANSWER:     DISTRICT #309 denies the allegations of paragraph 80.

81.     That JONES' comments towards JOHN was further intended to discourage JOHN from reporting further sexual harassment.

ANSWER:     DISTRICT #309 denies the allegations of paragraph 81.

82.     That during JONES' reprimand of JOHN, JONES implied that JOHN was acting like a girl, and should "stick up for himself', thereby blaming JOHN for the ongoing harassment.

ANSWER:     DISTRICT #309 denies the allegations of paragraph 82.

83.     That finally on November 15, 2005, the Plaintiff's attorney, KATRINA M. TARASKA sent a certified letter to McNAMARA and BRIMFIELD, outlining the sexual harassment and the school's failure to respond in a meaningful manner.

ANSWER:     DISTRICT #309 admits receiving a letter from Katrina M. Taraska on or abut November 15, 2005. Further answering DISTRICT #309 state that the letter is the best evidence of its own content.

84.     That no responsive action was taken by the school.

ANSWER:     DISTRICT #309 admits that no response was made to Katrina M. Taraska but further answering denies the allegations of paragraph 84.

85.     That given the utter disregard and failure of the Defendants to protect JOHN and to prevent further sexual harassment, and given the overall acts of retaliation in response to the complaints by the DOES, in December 2005, JOHN was removed from BRIMFIELD by his parents to continue his education elsewhere.

ANSWER:    DISTRICT #309 admits that the plaintiff was removed from BRIMFIELD by his parents but further answering states that it is without knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations regarding the reasons for his removal and therefore neither admits nor denies the same.

### Duties of Recipients of Federal Funds

86.    That as a condition of receiving Federal Funds for the operations of the school and related school activities and programs, BRIMFIELD was required to comply with the US Department of Education Regulations, including, but not limited to:

a.    Ensuring that all students are not denied or limited in their respective ability to participate in or benefit from the school's academic programs, educational opportunities, or activities;

b.    Establishing policies and procedures in order to prevent sexual harassment;

c.    Establish policies and procedures in order to notify and educate all students, parents, teachers and school officials of the definition of sexual harassment, so as to identify this type of prohibited conduct;

d.    Establish policies and procedures in order to notify and educate students, parents, teachers and other school officials of the school's "grievance procedures" for addressing reports of and/or complaints of sexual harassment;

e.    Establish policies and procedures in order to provide information to students, parents, teachers and other school officials on the reporting of sexual harassment;

f.    Appointment of a designated employee to coordinate compliance with the Department's Regulations pertaining to Title IX, including coordination of investigations and grievances of any allegations and/or complaints of sexual harassment;

g.    Establish policies and procedures in order to reasonably investigate allegations of sexual harassment for the purpose of addressing any such claims and to take reasonable steps to prevent further harassment;

h.    Establish policies and procedures (also known as the "grievance procedure") to provide prompt and equitable resolution of any complaints of sexual harassment;

i.    Establish policies and procedures in order to *notify* all students, parents, teachers and school officials that sexual harassment would not be tolerated;

j.    Establish policies and procedures in order to notify students, parents, teachers and other school officials that no person who reports alleged sexual harassment will be retaliated for exercising their rights under Title IX.

ANSWER:    Paragraph 86 is stricken and therefore no answer is required.

87.     That despite the aforesaid regulatory requirements that the Defendants were obligated to follow, BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT failed to comply with the Department's Regulations both in the failure to promulgate policies and procedures to prevent sexual harassment, and the failure to notify students and parents of said policies for the reporting of sexual harassment.

ANSWER:     Paragraph 87 is stricken and therefore no answer is required.

88.     That as a direct and proximate result of the continuous sexual harassment and retaliation against both JOHN and his family, and the Defendant's failure to address said harassment in a meaningful manner so as to promptly and equitably resolve said harassment, JOHN experienced physical pain, injury to his preexisting condition, suffering, and further, developed generalized anxiety, depression, insomnia, fatigue, loss of interest in his usual activities and otherwise suffered great humiliation and sadness.

ANSWER:     DISTRICT #309 denies that the conduct amounted to sexual harassment, denies that there was any retaliation against the plaintiff or the plaintiff's family, and denies the acts and omissions attributed to it. Further answering DISTRICT #309 denies that the plaintiff was injured in the manner and to the extent claimed.

WHEREFORE, Defendant, BRIMFIELD SCHOOL DISTRICT #309, prays that Count I of the Complaint be dismissed and that it have and recover its costs of suit.

DEFENDANT DEMANDS THAT THE ISSUES JOINED IN COUNT I BE TRIED BY JURY.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE IX**
**(John Doe v. Brimfield Grade School and Brimfield School District #309)**

89.     Plaintiffs repeats and realleges Paragraphs 1 - 88 of Count I as and for Paragraphs 89 - 177 of Count II herein.

ANSWER:     DISTRICT #309 adopts its answer to paragraphs 1 -88 as its answer to paragraphs 89 – 177 of Count II.

178.     That the acts by JOHN's coach, JONES, which included verbal reprimand as well as intimidation were specifically in response to complaints of ongoing sexual harassment by JOHN and the DOE family.

ANSWER:     DISTRICT #309 denies the allegations of acts which are attributed to Coach JONES and in that regard denies that they amounted to a verbal reprimand or that they constituted intimidation.

179.     That further, the Defendant failed to address further acts of bullying by the students of JOHN upon learning of the complaints of sexual harassment by JOHN and the DOE family.

ANSWER:     DISTRICT #309 denies that the conduct amounted to sexual harassment, denies that the conduct amounted to "bullying" by students, and denies the remaining allegations of paragraph 179.

180.     That the complete failure of school officials to prevent this bullying despite notice of the same in and of itself was retaliation by the Defendant in violation of Title IX.

ANSWER:     DISTRICT #309 denies that the so-called "bullying" took place, denies that "bullying" is actionable under Title IX, and denies that it retaliated in any form toward the plaintiff or any perceived conduct which is complained of by the plaintiff.

181.     That the acts and/or omissions by JONES and other school officials in response to said notice of sexual harassment and post-complaint bullying were harmful enough to cause a

similarly situated student to be dissuaded from making similar claims of sexual harassment under Title IX.

ANSWER:    DISTRICT #309 denies that the conduct in question amounted to sexual harassment and further answering denies that the alleged "bullying" took place. Further answering DISTRICT #309 lacks knowledge regarding like complaints on the part of any other student and therefore can neither admit nor deny the remaining allegations of paragraph 181.

182.    That as a direct and proximate result of the retaliation against both JOHN and his family, JOHN experienced physical pain, injury to his pre-existing condition, suffering, and further, developed generalized anxiety, depression, insomnia, fatigue, loss of interest in his usual activities and otherwise suffered great humiliation and sadness.

ANSWER:    DISTRICT #309 denies that it was guilty of any retaliation and further answering denies that the plaintiff was injured in the manner and to the extent claimed.

WHEREFORE, Defendant, BRIMFIELD SCHOOL DISTRICT #309, prays that Count II of the Complaint be dismissed and that it have and recover its costs of suit.

DEFENDANT DEMANDS THAT THE ISSUES JOINED IN COUNT II BE TRIED BY JURY.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE IX
### (Jane Doe v. Brimfield Grade School and Brimfield School District #309)

183.    Plaintiffs repeats and realleges Paragraphs 1 - 88 of Count I as and for Paragraphs 183 - 271 of Count III.

ANSWER:    DISTRICT #309 adopts its answer to paragraphs 1 – 88 of Count I as its answer to paragraphs 183 – 271 of Count III.

272.    That prior to and during the time of JOHN's sexual harassment, JANE was employed as a teacher at BRIMFIELD and a coach.

<u>ANSWER</u>:    DISTRICT #309 denies that the conduct amounts to sexual harassment. Further answering DISTRICT #309 admits that the plaintiff's mother was employed as a teacher at BRIMFIELD and a coach during the school years 2004 and 2005.

273.    That following the complaints by JANE, FATHER and JOHN of ongoing sexual harassment, JANE was retaliated against in one or more of the following manners:

a.    Falsely accused of writing on a student's forehead and reprimanded (suspended for three days with pay) by BRIMFIELD and McNAMARA despite reasonable belief that the allegations were false and the failure of school officials to undertake a reasonable and impartial investigation of the allegations; Feb 1, 2006

b.    Conducting a closed door School Board meeting, without notice to, or representation of JANE DOE, during which the subject of the sexual harassment of JOHN was discussed and also JANE's competence as a teacher in the context of her report of sexual harassment of her son to school officials;

c.    Termination of JANE as a coach without any explanation from school officials despite her years of coaching experience and superior performance record;

d.    Overall mistreatment by school officials and fellow teachers including false accusations of inappropriate and unprofessional conduct, which had never been an issue prior to the DOES' reports of sexual harassment and request for reasonable intervention by school officials.

<u>ANSWER</u>:    DISTRICT #309 denies that it was guilty of retaliation in any respect and therefore denies the allegations of paragraph 273 and each of the subparagraphs thereof.

274.    The aforesaid acts and omissions by the Defendant were in response to the opposition by JANE and the DOE family to the ongoing sexual harassment of JOHN.

<u>ANSWER</u>:    DISTRICT #309 denies that the conduct in question amounts to sexual harassment and denies that the acts and omissions which are alleged had anything to do with the plaintiff's complaints of sexual harassment.

275.     That additionally, McNAMARA repeatedly discouraged and admonished JANE for complaining of the continued sexual harassment of her son in response to opposition to the same.

ANSWER:     DISTRICT #309 denies the allegations of paragraphs 275.

276.     That the acts and/or omissions by BRIMFIELD officials in response to said notice of sexual harassment were harmful enough to cause a similarly situated employee from making similar claims of sexual harassment under Title IX.

ANSWER:     DISTRICT #309 denies that the acts and omissions which are alleged were in response to the plaintiffs' complaints of sexual harassment. Further answering DISTRICT #309 denies knowledge of circumstances involving a "similarly situated employee" and states that the mental processes of such an "employee" are not material to the claims of these plaintiffs.

277.     That as a direct and proximate result of the retaliation against JANE, the Plaintiff experienced anxiety, depression, insomnia, fatigue, as well as overall sadness and grief, not inclusive of lost income and opportunity for advancement and promotion in her position within the BRIMFIELD SCHOOL DISTRICT.

ANSWER:     DISTRICT #309 denies any retaliation against the plaintiff's mother and further answering denies the remaining allegations of paragraph 277.

WHEREFORE, Defendant, BRIMFIELD SCHOOL DISTRICT #309, prays that Count III of the Complaint be dismissed and that it have and recover its costs of suit.

DEFENDANT DEMANDS THAT THE ISSUES JOINED IN COUNT III BE TRIED BY JURY.

## COUNT IV
### BATTERY AGAINST DEFENDANT STUDENTS

Count IV is not directed to DISTRICT #309 and therefore no answer is required.

## COUNT V
### JOINT ENTERPRISE AGAINST DEFENDANT STUDENTS

Count IV is not directed to DISTRICT #309 and therefore no answer is required.

## COUNT VI
### PARENTAL RESPONSIBILITY LAW

Count IV is not directed to DISTRICT #309 and therefore no answer is required.

### AFFIRMATIVE DEFENSES

Now comes the Defendant, BRIMFIELD SCHOOL DISTRICT #309, by its attorneys, DAVID B. MUELLER and JOHN E. CASSIDY, III of the firm of CASSIDY & MUELLER, and for defenses to the Plaintiffs' claims against the district alleges:

### FIRST DEFENSE

None of the counts of the complaint against DISTRICT #309 state a claim upon which relief may be granted.

### SECOND DEFENSE

The conduct of which the plaintiffs complain was a part of a common enterprise in which JOHN DOE was a participant.

### THIRD DEFENSE

The conduct which is alleged amounts to horseplay which is neither sexual harassment nor sexual discrimination under Title IX.

### FOURTH DEFENSE

The plaintiffs' claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

The school took reasonable care to prevent and correct promptly any harassing behavior.

## SIXTH DEFENSE

The plaintiff unreasonably failed to take advantage of the school's preventative and/or corrective opportunities or otherwise failed to avoid the alleged sexual harassment.

## SEVENTH DEFENSE

The alleged mistreatment was not so severe and pervasive as to adversely affect the plaintiff's school environment.

## EIGHTH DEFENSE

No tangible school related detriment occurred to the plaintiff as a consequence of the alleged harassment.

## NINTH DEFENSE

Any alleged retaliation was not the consequence of asserting the plaintiff's right against sexual harassment.

CASSIDY & MUELLER,

By:     s/ David B. Mueller
     David B. Mueller
     CASSIDY & MUELLER
     416 Main Street, Suite 323
     Peoria, Illinois  61602
     Telephone:  309/676-0591
     Facsimile:  309/676-8036
     E-Mail:  dmueller@cassidymueller.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Katrina M. Taraska
Mr. M. Michael Waters
Vonachen, Lawless, Trager & Slevin
456 Fulton, Suite 425
Peoria, IL  61602
ktaraska@vltslaw.com
mwaters@vltslaw.com

Mr. Gerald W. Brady, Jr.
Brady & Donahue
1133 N. North Street
Peoria, IL  61602
geraldbradyjr@yahoo.com

Mr. John P. Fleming
Fleming & Umland
411 Hamilton Blvd., Suite 1518
Peoria, IL  61602
jpf59@mtco.com

Mr. David A. Perkins
Heyl, Royster, Voelker & Allen
124 SW Adams
Suite 600
Peoria, IL  61602
dperkins@hrva.com

Mr. Richard L. Steagall
Nicoara & Steagall
416 Main Street, Suite 815
Peoria, IL  61602
nicsteag@mtco.com

Ms. Julie Galassi
Hasselberg, Rock, Bell & Kuppler
4600 N. Brandywine Drive, Suite 200
Peoria, IL  61614
jgalassi@hrbklaw.com

s/____David B. Mueller_____
        CASSIDY & MUELLER
        416 Main Street, Suite 323
        Peoria, IL  61602
        Telephone: 309/676-0591
        Facsimile: 309/676-8036
        E-mail: dmueller@cassidymueller.com