E-FILED
Tuesday, 10 June, 2008 12:29:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and as Mother and Next Friend of JOHN DOE, a Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 CV 1205 |
| BRIMFIELD GRADE SCHOOL and BRIMFIELD SCHOOL DISTRICT #309, ABBY ABLE, Parent of ALLEN ABLE, a Minor; BETTY BAKER and BARRY BAKER, Parents of BRIAN BAKER, a Minor; CONNIE CHARLIE and CHESTER CHARLIE, Parents of CONNOR CHARLIE, a Minor; DONALD DOG, Parent of DAVID DOG, a Minor; EDWARD EASY and ELLEN EASY, Parents of ELWARD EASY, a Minor, and FRANCINE FOX, Parent of FRANK FOX, a Minor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes the Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, by attorney, TROY I. ROBERTS, and for Answer and Affirmative Defenses in response to Plaintiffs' Complaint, hereby states as follows:

### Jurisdiction and Venue

1.      Defendant admits jurisdiction under the federal statutes as alleged in Paragraph 1.

2.      Defendant admits that Brimfield, Illinois lies within this district, but denies the events alleged occurred as indicated in Paragraph 2.

**The Parties**

3.      Defendant admits the allegations of Paragraph 3.

4.      Defendant admits the allegations of Paragraph 4.

5.      Defendant has insufficient knowledge of the allegations of Paragraph 5, therefore Defendant denies those allegations.

6.      Defendant admits the allegations of Paragraph 6.

7.      Defendant admits the allegations of paragraph 7.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant admits the allegations of Paragraph 9.

10.     Defendant admits the allegations of Paragraph 10.

11.     Defendant admits the allegations of Paragraph 11.

12.     Defendant admits the allegations of Paragraph 12.

13.     Defendant admits the allegations of Paragraph 13.

14.     Defendant admits the allegations of Paragraph 14.

15.     Defendant admits the allegations of Paragraph 15

16.     Defendant admits the allegations of Paragraph 16.


**COUNT I**

Count I is directed against separate Defendants, and is not asserted against Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, or FRANK FOX, therefore this Defendant does not respond to these allegations.  Any allegations contained in Count I which are deemed to be asserted against all the FOX Defendants are generally denied here.

**COUNT II**

Count II is directed against separate Defendants, and is not asserted against Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, or FRANK FOX, therefore this Defendant does not respond to these allegations.  Any allegations contained in Count II which are deemed to be asserted against all the FOX Defendants are generally denied here.

**COUNT III**

Count III is directed against separate Defendants, and is not asserted against Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, or FRANK FOX, therefore this Defendant does not respond to these allegations.  Any allegations contained in Count III which are deemed to be asserted against all the FOX Defendants are generally denied here.

**COUNT IV**

278-366.    Defendant hereby states the following Answers to Paragraphs 1-88 of Count I (as re-plead by Plaintiffs) as and for Answers to Paragraphs 278-366 of Count IV, respectively, as follows:

1.    Defendant admits the allegations of Paragraph 1 upon information and belief.

2.    Defendant admits the allegations of Paragraph 2 upon information and belief.

3.    Defendant admits the allegations of Paragraph 3 upon information and belief.

4.    Defendant admits the allegations of Paragraph 4.

5.    Defendant denies the allegations of Paragraph 5.

6.    Defendant denies the allegations of Paragraph 6.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8.

9.      Defendant denies the allegations of Paragraph 9.

10.     Defendant denies the allegations of Paragraph 10.

11.     Defendant denies the allegations of Paragraph 11.

12.     Defendant has insufficient knowledge of the allegations of Paragraph 12, therefore Defendant denies those allegations.

13.     Defendant has insufficient knowledge of the allegations of Paragraph 13, therefore Defendant denies those allegations.

14.     Defendant has insufficient knowledge of the allegations of Paragraph 14, therefore Defendant denies those allegations.

15.     Defendant has insufficient knowledge of the allegations of Paragraph 15, therefore Defendant denies those allegations.

16.     Defendant has insufficient knowledge of the allegations of Paragraph 16, therefore Defendant denies those allegations.

17.     Defendant has insufficient knowledge of the allegations of Paragraph 17, therefore Defendant denies those allegations.

18.     Defendant has insufficient knowledge of the allegations of Paragraph 18, therefore Defendant denies those allegations.

19.     Defendant has insufficient knowledge of the allegations of Paragraph 19, therefore Defendant denies those allegations.

20.     Defendant has insufficient knowledge of the allegations of Paragraph 20, therefore Defendant denies those allegations.

21.     Defendant has insufficient knowledge of the allegations of Paragraph 21, therefore Defendant denies those allegations.

22.     Defendant has insufficient knowledge of the allegations of Paragraph 22, therefore Defendant denies those allegations.

23.     Defendant has insufficient knowledge of the allegations of Paragraph 23, therefore Defendant denies those allegations.

24.     Defendant has insufficient knowledge of the allegations of Paragraph 24, therefore Defendant denies those allegations.

25.     Defendant has insufficient knowledge of the allegations of Paragraph 25, therefore Defendant denies those allegations.

26.     Defendant has insufficient knowledge of the allegations of Paragraph 26, therefore Defendant denies those allegations.

27.     Defendant has insufficient knowledge of the allegations of Paragraph 27, therefore Defendant denies those allegations.

28.     Defendant has insufficient knowledge of the allegations of Paragraph 28, therefore Defendant denies those allegations.

29.     Defendant has insufficient knowledge of the allegations of Paragraph 29, therefore Defendant denies those allegations.

30.     Defendant has insufficient knowledge of the allegations of Paragraph 30, therefore Defendant denies those allegations.

31.     Defendant has insufficient knowledge of the allegations of Paragraph 31, therefore Defendant denies those allegations.

32.    Defendant has insufficient knowledge of the allegations of Paragraph 32, therefore Defendant denies those allegations.

33.    Defendant has insufficient knowledge of the allegations of Paragraph 33, therefore Defendant denies those allegations.

34.    Defendant has insufficient knowledge of the allegations of Paragraph 34, therefore Defendant denies those allegations.

35.    Defendant has insufficient knowledge of the allegations of Paragraph 35, therefore Defendant denies those allegations.

36.    Defendant admits the allegations as to this Defendant in Paragraph 36.

37.    Defendant has insufficient knowledge of the allegations of Paragraph 37, therefore Defendant denies those allegations.

38.    Defendant has insufficient knowledge of the allegations of Paragraph 38, therefore Defendant denies those allegations.

39.    Defendant denies the allegations of Paragraph 39.

40.    Defendant has insufficient knowledge of the allegations of Paragraph 40, therefore Defendant denies those allegations.

41.    Defendant denies the allegations of Paragraph 41.

42.    Defendant denies the allegations of Paragraph 42.

43.    Defendant has insufficient knowledge of the allegations of Paragraph 43, therefore Defendant denies those allegations.

44.    Defendant has insufficient knowledge of the allegations of Paragraph 44, therefore Defendant denies those allegations.

45.      Defendant has insufficient knowledge of the allegations of Paragraph 45, therefore Defendant denies those allegations.

46.      Defendant has insufficient knowledge of the allegations of Paragraph 46, therefore Defendant denies those allegations.

47.      Defendant has insufficient knowledge of the allegations of Paragraph 47, therefore Defendant denies those allegations.

48.      Defendant has insufficient knowledge of the allegations of Paragraph 48, therefore Defendant denies those allegations.

49.      Defendant admits the allegations of Paragraph 49.

50.      Defendant has insufficient knowledge of the allegations of Paragraph 50, therefore Defendant denies those allegations.

51.      Defendant has insufficient knowledge of the allegations of Paragraph 51, therefore Defendant denies those allegations.

52.      Defendant has insufficient knowledge of the allegations of Paragraph 52, therefore Defendant denies those allegations.

53.      Defendant has insufficient knowledge of the allegations of Paragraph 53, therefore Defendant denies those allegations.

54.      Defendant denies the allegations of Paragraph 54.

55.      Defendant denies the allegations of Paragraph 55.

56.      Defendant has insufficient knowledge of the allegations of Paragraph 56, therefore Defendant denies those allegations.

57.      Defendant admits the existence of a police report which contains "Battery" and denies the rest of the allegations of Paragraph 57.

58.     Defendant admits the allegations of Paragraph 58.

59.     Defendant has insufficient knowledge of the allegations of Paragraph 59, therefore Defendant denies those allegations.

60.     Defendant denies the allegations of Paragraph 60.

61.     Defendant has insufficient knowledge of the allegations of Paragraph 61, therefore Defendant denies those allegations.

62.     Defendant has insufficient knowledge of the allegations of Paragraph 62, therefore Defendant denies those allegations.

63.     Defendant has insufficient knowledge of the allegations of Paragraph 63, therefore Defendant denies those allegations.

64.     Defendant has insufficient knowledge of the allegations of Paragraph 64, therefore Defendant denies those allegations.

65.     Defendant has insufficient knowledge of the allegations of Paragraph 65, therefore Defendant denies those allegations.

66.     Defendant has insufficient knowledge of the allegations of Paragraph 66, therefore Defendant denies those allegations.

67.     Defendant has insufficient knowledge of the allegations of Paragraph 67, therefore Defendant denies those allegations.

68.     Defendant has insufficient knowledge of the allegations of Paragraph 68, therefore Defendant denies those allegations.

69.     Defendant denies the allegations of paragraph 69.

70.     Defendant denies the allegations of paragraph 70.

71.     Defendant denies the allegations of paragraph 71.

72.    Defendant denies the allegations of paragraph 72.

73.    Defendant denies the allegations of paragraph 73.

74.    Defendant has insufficient knowledge of the allegations of Paragraph 74, therefore Defendant denies those allegations.

75.    Defendant has insufficient knowledge of the allegations of Paragraph 75, therefore Defendant denies those allegations.

76.    Defendant has insufficient knowledge of the allegations of Paragraph 76, therefore Defendant denies those allegations.

77.    Defendant has insufficient knowledge of the allegations of Paragraph 77, therefore Defendant denies those allegations.

78.    Defendant has insufficient knowledge of the allegations of Paragraph 78, therefore Defendant denies those allegations.

79.    Defendant denies the allegations of Paragraph 79.

80.    Defendant has insufficient knowledge of the allegations of Paragraph 80, therefore Defendant denies those allegations.

81.    Defendant has insufficient knowledge of the allegations of Paragraph 81, therefore Defendant denies those allegations.

82.    Defendant has insufficient knowledge of the allegations of Paragraph 82, therefore Defendant denies those allegations.

83.    Defendant has insufficient knowledge of the allegations of Paragraph 83, therefore Defendant denies those allegations.

84.    Defendant has insufficient knowledge of the allegations of Paragraph 84, therefore Defendant denies those allegations.

85.　　Defendant admits John Doe left the Brimfield School District #309, but denies all of the remaining allegations of Paragraph 85.

86.　　Defendant has insufficient knowledge of the allegations of Paragraph 86, therefore Defendant denies those allegations.

87.　　Defendant denies the allegations of Paragraph 87.

88.　　Defendant denies the allegations of Paragraph 88.

367.　　Defendant denies that the physical contact described took place and denies the remainder of the allegations of Paragraph 367.

368.　　Defendant denies the allegations of Paragraph 368.

369.　　Defendant denies the allegations of Paragraph 369.

WHEREFORE, Defendants, FRANCINE FOX AND FRANK FOX, in their respective capacities, deny the Plaintiffs are entitled to judgment against them in any amount, and request judgment in their favor on Count IV, plus costs.

DEFENDANTS DEMAND A TRIAL BY JURY.

## COUNT V

370-458.　　Defendant hereby re-states and re-alleges answers to Paragraphs 1-88 of Count I, as repeated and stated above in answer to Count IV, as Responses and Answers to Paragraphs 370-458 of Count V of Plaintiff's Complaint.

459.　　Defendant denies the allegations of Paragraph 459.

460.　　Defendant denies the allegations of Paragraph 460.

461.　　Defendant denies the allegations of Paragraph 461.

462.　　Defendant denies the allegations of Paragraph 462.

463.    Defendant denies the allegations of Paragraph 463.

464.    Defendant denies that the repeated events occurred and denies all of the remaining allegations of Paragraph 464.

465.    Defendant denies the allegations of Paragraph 465.

466.    Defendant denies the allegations of Paragraph 466.

WHEREFORE, Defendants, FRANCINE FOX AND FRANK FOX, in their respective capacities, deny the Plaintiffs are entitled to judgment against them in any amount, and request judgment in their favor on Count V, plus costs.

DEFENDANTS DEMAND A TRIAL BY JURY.


## COUNT VI

467-555.    Defendant hereby re-states and re-alleges answers to Paragraphs 1-88 of Count I, as repeated and stated above in answer to Count IV, as Responses and Answers to Paragraphs 467-555 of Count VI of Plaintiff's Complaint.

556-563.    Defendant hereby re-states and re-alleges answers to Paragraphs 368-374 above, as previously stated, and as contained in answers to both Counts IV and V, as Responses and Answers to Paragraphs 556-563 of Count VI.

564.    Defendant denies the physical battery, denies the sexual harassment, and therefore denies all of the allegations of Paragraph 564.

565.    Defendant admits that Frank Fox resided with her but has insufficient knowledge of the remaining allegations of Paragraph 565 and therefore Defendant denies those allegations.

566.    Defendant has insufficient knowledge of the allegations of Paragraph 566 and therefore Defendant denies those allegations.

567.    Defendant has insufficient knowledge of the allegations of Paragraph 567 and therefore Defendant denies those allegations.

568.    Defendant has insufficient knowledge of the allegations of Paragraph 568 and therefore Defendant denies those allegations.

569.    Defendant has insufficient knowledge of the allegations of Paragraph 569 and therefore Defendant denies those allegations.

570.    Defendant has insufficient knowledge of the allegations of Paragraph 570 and therefore Defendant denies those allegations.

571.    Defendant admits that FRANK FOX resided with her but denies that she was his legal guardian as alleged in Paragraph 571.

572.    Defendant denies the allegations of Paragraph 572.

573.    Defendant denies the allegations of Paragraph 573.

WHEREFORE, Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, denies the Plaintiffs are entitled to judgment against her in any amount, and request judgment in bar of Count VI of the Complaint, plus costs.

DEFENDANTS DEMAND A TRIAL BY JURY OF ALL ISSUES.


## FIRST AFFIRMATIVE DEFENSE
(Express consent)

As an affirmative defense to Counts IV, V and VI, the Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, states and alleges, as an alternative to the denials contained in the Answer, the following:

1.    The minor Plaintiff, JOHN DOE, knowingly and voluntarily participated in and consented to certain levels of physical tapping contact with certain Defendants or others of

similar age and mental capacity of the minor Plaintiff, by words and actions utilized in his social interactions with his peer male schoolmates.

2.      By knowingly and voluntarily participating and consenting to the physical interaction described above, the minor Plaintiff, JOHN DOE, consented to the battery allegations pled in his Complaint.

WHEREFORE, the Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, denies that the Plaintiffs are entitled to judgment in any amount, and request judgment in bar of Counts IV, V and VI of the Complaint, plus costs.

DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES.


## <u>SECOND AFFIRMATIVE DEFENSE</u>
(Implied consent)

As an affirmative defense to Counts IV, V and VI, the Defendant, FRANCIE FOX, Parent of FRANK FOX, a Minor, states and alleges, as an alternative to the denials contained in the Answer, the following:

1.      The minor Plaintiff, JOHN DOE, knowingly and voluntarily participated in and consented to certain levels of physical tapping contact with certain Defendants or others of similar age and mental capacity of the minor Plaintiff, by words and actions utilized in his social interactions with his peer male schoolmates.

2.      By knowingly and voluntarily participating and consenting to the physical interaction described above, the minor Plaintiff, JOHN DOE, impliedly consented to the battery allegations pled in his Complaint.

WHEREFORE, the Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, denies that the Plaintiffs are entitled to judgment in any amount, and request judgment in bar of Counts IV, V and VI of the Complaint, plus costs.

DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES.


### THIRD AFFIRMATIVE DEFENSE
(Implied consent – Physical education and sports activities)

As an affirmative defense to Counts IV, V and VI, the Defendant, FRANCIE FOX, Parent of FRANK FOX, a Minor, states and alleges, as an alternative to the denials contained in the Answer, the following:

1.      The minor Plaintiff, JOHN DOE, participated in physical education activities and classes at Brimfield Grade School during the times alleged in the Complaint, which included sports activities constituting contact sports or contact activities.

2.      The minor Plaintiff, JOHN DOE, participated in extra-curricular sports activities and practices in contact sports with his peers and schoolmates at Brimfield Grade School, during the time periods alleged in the Complaint.

3.      That JOHN DOE'S participation in the physical education and sports activities described above constituted an implied consent to physical contact with other participants in those sports and activities.

4.      The implied consent referenced herein constitutes a complete bar to a claim for battery or damages from physical contact, as pled by Plaintiff in Counts IV, V and VI of the Complaint.

WHEREFORE, the Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, denies that the Plaintiffs are entitled to judgment in any amount, and request judgment in bar of Counts IV, V and VI of the Complaint, plus costs.

DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES.

### FOURTH AFFIRMATIVE DEFENSE
(Comparative fault)

As an affirmative defense to Counts IV, V and VI, the Defendant, FRANCIE FOX, Parent of FRANK FOX, a Minor, states and alleges, as an alternative to the denials contained in the Answer, the following:

1.     That at the time and place alleged in the Complaint, the minor Plaintiff, JOHN DOE, had a duty to use care and caution for his own safety and protection, commensurate with persons of similar age and mental capacity.

2.     Notwithstanding the aforesaid duty, the minor Plaintiff, JOHN DOE, was guilty of one or more of the following careless, reckless or other failures to use appropriate care and caution for his own protection:

      a.     Failed to take action to physically protect his groin area, when he knew or should have known imminent physical contact with the same would or might occur;

      b.     Failed to voice his objection to physical contact from his schoolmate peers;

      c.     Actively participated in festive, friendly physical tapping contact with male schoolmates, which he knew or should have known would or might encourage physical contact;

      d.      Failed to keep a safe and proper lookout for peers approaching him whom he knew or should have known would or might physically contact his body;

      e.      Failed to avoid, walk away from, or turn away from peers approaching him whom he knew or should have known would or might physically contact his body.

3.      That one or more of the foregoing acts or failure to act on the part of JOHN DOE contributed to cause his own injuries and damages alleged in the Complaint.

WHEREFORE, the Defendant, FRANCINE FOX, Parent of FRANK FOX, a Minor, denies that the Plaintiffs are entitled to judgment in any amount, and request judgment in bar of Counts IV, V and VI of the Complaint, or pray that any judgment entered in favor of Plaintiffs on Counts IV, V or VI be reduced in direct proportion to the fault attributable to JOHN DOE.

DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES.

FRANCINE FOX, Parent of FRANK FOX,
a Minor, Defendant,


By  /s/ Troy I. Roberts
    TROY I. ROBERTS, her attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties to the above cause by and through their attorneys of record by electronically mailed Notice from Federal Court Electronic Filing System on June 10, 2008, as follows:

| | |
|---|---|
| Ms. Katrina M. Taraska<br>Mr. M. Michael Waters<br>Vonachen, Lawless, Trager & Slevin<br>456 Fulton, Suite 425<br>Peoria, Illinois  61602 | Mr. Gerald W. Brady, Jr.<br>Attorney at Law<br>1133 N. North Street<br>Peoria, Illinois  61606 |
| Mr. David A. Perkins<br>Heyl, Royster, Voelker & Allen<br>124 S.W. Adams, Suite 600<br>Peoria, Illinois  61602 | Ms. Julie L. Galassi<br>Hasselberg, Rock, Bell & Kuppler<br>4600 Brandywine Drive<br>Peoria, Illinois  61614 |
| Mr. Richard L. Steagall<br>Nicoara & Steagall<br>416 Main Street, Suite 815<br>Peoria, Illinois  61602 | Mr. John E. Cassidy, III<br>Cassidy & Mueller<br>416 Main Street, Suite 323<br>Peoria, Illinois  61602 |
| Mr. John P. Fleming<br>Fleming & Umland<br>411 Hamilton Blvd., Suite 1518<br>Peoria, Illinois  61602 | |

_____/s/ Troy I. Roberts_____
TROY I. ROBERTS

TROY I. ROBERTS, ESQ.
Law Office of Troy I. Roberts, P.C.
245 N.E. Perry Ave.
Peoria, Illinois, 61603
Telephone:     (309) 655-3003
Facsimile:     (309) 672-2201